No. 72,844

STATE OF KANSAS, *Appellant*, v. G.W.A., *Appellee.*

(906 P.2d 657)

Opinion filed December 8, 1995.

*Stephen F. Howe*, assistant district attorney, argued the cause, and *Karen L. Torline*, assistant district attorney, *Jon E. Thornbrugh*, legal intern, *Paul J. Morrison*, district attorney, and *Carla J. Stovall*, attorney general, were with him on the brief for the appellant.

*Steven R. Zinn*, deputy appellate defender, argued the cause, and *Jessica R. Kunen*, chief appellate defender, was with him on the brief for the appellee.

The opinion was delivered by

ABBOTT, J.: This is a direct appeal by the State from the trial court's judgment of acquittal. We find the dispositive fact to be that the State did not properly reserve the question for appeal.

Highly summarized, the defendant was previously adjudicated as a juvenile offender because he made a terroristic threat. The court ordered the defendant placed in the Youth Center at Topeka. While awaiting transportation to Topeka, the defendant was placed in the Johnson County Juvenile Hall. He escaped, was recaptured, and was charged with aggravated escape from custody pursuant to K.S.A. 1994 Supp. 21-3810(a). The defendant stipulated to a waiver of juvenile jurisdiction and agreed to be tried as an adult by a jury.

To be convicted of aggravated escape, K.S.A. 1994 Supp. 21-3810(a) requires that the defendant escape while being held in

custody "upon a . . . conviction of felony." At the close of the State's case, the defendant moved for a judgment of acquittal, contending that the State had not proven one element of the crime of aggravated escape. The trial court agreed, finding that the defendant was being held as a juvenile offender, not upon a conviction as a felon, and entered a judgment of acquittal. The following colloquy then took place:

"Anything further by the State?

"MS. TORLINE: Yes, Judge, first of all, I know it's probably a little late with the Court's ruling, but I would ask for a mistrial, based on the fact that this motion should have been made a long time ago, preliminary to the jury trial date.

"Secondly, Judge, I would be reserving this issue for appeal.

"THE COURT: Certainly. Court understands that. What would be the basis for the mistrial? In other words, the defendant did not dispute jurisdiction of the Court. The only question is whether or not the State has presented sufficient evidence under the charge and that was brought up at the defendant's motion at the close of the evidence.

"MS. TORLINE: Judge, the basis for the mistrial is this case has been all the way through a prelim, and we get up today to jury trial date. Judge, this is not an issue that the State could have presented evidence based upon their motion to dismiss. They knew that—I mean, it doesn't matter what evidence was presented at jury trial, they're going to make this motion, and I think that it's extremely late in coming, and should have been made a long time ago.

"THE COURT: Any argument by the defendant?

"MR. LEWIS: Your, Honor, this is a motion for judgment of acquittal. As the Court says, we are not contesting jurisdiction or anything of the sort. The motion for judgment of acquittal says that statute has certain elements and State has not met them, nothing more, and I think that it was raised at the appropriate time.

"THE COURT: All right. Anything final by the State?

"MS. TORLINE: No, Judge.

"THE COURT: Court is going to deny the State's motion for mistrial, and the record should reflect—of course, the State, I'm sure, will wish to appeal that or may wish to appeal that also, but the Court will order the case dismissed and defendant discharged."

The State then filed a timely notice of appeal, which states:

"Notice is hereby given that the State of Kansas, plaintiff, appeals from a Judgment of Acquittal entered in this matter on the 19th day of September, 1994, to the Supreme Court of the State of Kansas.

"The appeal hereby taken is directly to the Supreme Court on the ground that said judgment of Acquittal was entered following the close of the State's case, pursuant to K.S.A. 22-3602."

. Six days after the notice of appeal was filed, the district court filed a journal entry of judgment, which states in pertinent part:

"The State makes its opening statement, presents evidence and rests.

"Thereupon, the defendant moves the Court for Judgment of Acquittal in this matter. The Court, being well and duly advised in the premises, finds that said motion should be sustained. The Court specifically finds that the defendant was not in custody following the conviction of a felony due to the fact that he was in custody as a juvenile following a juvenile adjudication of a felony.

"Thereupon, the state moves the Court for a mistrial in this matter. The Court, being well and duly advised in the premises, denies said motion.

"Thereupon, the state reserves its right to appeal."

Kansas case law makes it clear that the State may not appeal from a judgment of acquittal. *State v. Crozier*, 225 Kan. 120, Syl. ¶ 4, 587 P.2d 331 (1978). However, the State may appeal on a question reserved. K.S.A. 1994 Supp. 22-3602(b)(3).

In *State v. V.F.W. Post No. 3722*, 215 Kan. 693, 694, 527 P.2d 1020 (1974), the defendant moved to dismiss the State's appeal, contending that the State failed to properly reserve the question for appeal. This court considered and rejected the defendant's motion, finding that no formal procedural steps are required by 22-3602 to reserve a question for appeal. However, the court pointed out that, in reserving the appeal, the State must furnish a sufficient record to permit review and "[t]his requires proper and timely objections be lodged, the trial court be advised of the basis for the objections and the appeal be properly perfected." 215 Kan. at 695.

In *State v. Marek*, 129 Kan. 830, 834, 284 Pac. 424 (1930), this court held:

"[A]ll that is necessary for the state to do to reserve a question for presentation on appeal to the supreme court is to make a proper objection or exception at the time the order complained of is made or the action objected to is taken. The state can lay the foundation for its appeal in the same manner that the defendant can lay the foundation for his appeal."

In *Marek*, the State properly reserved the questions for appeal because it clearly excepted two of the issues and specifically objected to remarks made by the trial judge. 129 Kan. at 831, 834.

The defendant recognizes that no formal procedural steps are required to reserve a question for appeal. However, the defendant

argues that a defendant must lay the foundation for his or her appeal by filing a notice of appeal which gives the appellate court jurisdiction to hear the appeal. See *State v. Grant*, 19 Kan. App. 2d 686, 875 P.2d 986, *rev. denied* 255 Kan. 1005 (1994) (finding the Court of Appeals did not have jurisdiction to address a ruling which was not included in the notice of appeal). Since a defendant must lay such a foundation, the State must also lay a foundation for its own appeal by filing a notice of appeal which gives the appellate court jurisdiction to hear the appeal.

"It is a fundamental proposition of Kansas appellate procedure that an appellate court obtains jurisdiction over the rulings identified in the notice of appeal." *Hess v. St. Francis Regional Med. Center*, 254 Kan. 715, 718, 869 P.2d 598 (1994). In *Hess*, 254 Kan. at 718-19, the notice of appeal challenged " 'the following portions of the jury verdict and judgment' " entered by the trial court:

" '1. The jury's determination of comparative fault. (Special questions one and two).

  2. The jury's determination of the period of time over with payment of future economic loss would be needed. (Special question five).

  3. The jury's determination of net amount of collateral source benefits received to date. (Special question six).

  4. The jury's determination of net amount of collateral source benefits to be received in the future. (Special question seven).' "

The defendant argued that the appellate court lacked jurisdiction to consider the trial judge's errors. This court held that the language in the notice of appeal "and the judgment entered by the court" was sufficient to allow an appeal of the trial judge's alleged errors.

However, in *Anderson v. Scheffler*, 242 Kan. 857, 860-61, 752 P.2d 557 (1988), the trial court entered summary judgment for the defendant. One issue was whether the notice of appeal appealing from an April 21, 1987, judgment entered by the court was sufficient to give the appellate court jurisdiction to consider a different summary judgment ruling entered by the court on December 29, 1986. This court held that issue had not been designated in the notice of appeal; thus the issue could not be considered on appeal.

Here, the State's notice of appeal referred solely to an appeal from the judgment of acquittal. It contained no general reference which could be liberally construed to include an appeal on a question reserved. See *Hess*, 254 Kan. at 719-20. As in *Grant*, 19 Kan. App. 2d at 691, there is no valid controversy as to whether the State complied with the statutory requirements. The notice of appeal was limited and specific and cannot be read to include an appeal on a question reserved. Because the only ruling referred to in the notice of appeal is one which is not subject to appellate review, this court lacks jurisdiction. See *State v. Crozier*, 225 Kan. 120, Syl. ¶ 4.

We are unpersuaded by the State's argument that its mention of K.S.A. 1994 Supp. 22-3602 in the notice of appeal gives this court jurisdiction. A liberal and common-sense reading of the State's notice of appeal is as follows: The notice of appeal is two sentences long. The first sentence clearly and unquestionably gives notice that the State is appealing "from a Judgment of Acquittal." The second sentence tells us that the appeal from the judgment of acquittal is taken directly to the Supreme Court pursuant to 22-3602. K.S.A. 1994 Supp. 22-3602 is cited because it allows the State to appeal certain issues directly to the Supreme Court.

The State did not respond in its brief to the defendant's argument that the appeal should be dismissed for lack of jurisdiction. We can only presume that the State's argument would be as follows: In its notice of appeal, the State contends it is appealing directly to the Supreme Court pursuant to K.S.A. 1994 Supp. 22-3602. K.S.A. 1994 Supp. 22-3602(b)(3), allowing the State to appeal a question reserved, is the only section of 22-3602 which would permit a direct appeal to the Supreme Court. Thus, if the court did independent research and read the record, we could conclude that the State was appealing a question reserved. We think the State must give more guidance in its notice of appeal than that given in this case.

Appeal dismissed for lack of jurisdiction.