No. 87,852

STATE OF KANSAS, *Appellant*, v. JOHN M. HURLA, *Appellee*.

(56 P.3d 252)

Opinion filed October 25, 2002.

*Robert D. Hecht*, district attorney, argued the cause, and *Deborah L. Hughes*, assistant district attorney, and *Carla J. Stovall*, attorney general, were with him on the briefs for appellant.

*Kathryn B. Wall*, assistant appellate defender, argued the cause, and *Randall Hodgkinson*, deputy appellate defender, was with her on the brief for appellee.

The opinion of the court was delivered by

McFARLAND, C.J.: The State appeals from the dismissal of a criminal complaint.

The facts may be summarized as follows. On May 19, 1999, two motorcycles were stolen from a Topeka cycle shop. On September 17, 1999, the State filed a complaint against John M. Hurla charging burglary of a nondwelling (K.S.A. 21-3715[b]), felony theft (K.S.A. 21-3701[a]), and criminal damage to property (K.S.A. 21-3720[a][1]). On October 18, 1999, the parties entered into a diversion agreement. The agreement had a 24-month term and was set on the court's October 3, 2001, docket for "payment/dismissal of diversion." On August 19, 2001, defendant filed a "Motion for

Early Successful Discharge from Diversion." The motion was heard on September 7, 2001. The State objected to the early termination and objected to the matter being heard on the ground the district court lacked jurisdiction to grant the sought for relief over the objection of the State. The district court dismissed the complaint. This appeal resulted therefrom. The case was transferred to this court on its own motion pursuant to K.S.A. 20-3018(c).

Two issues are raised, both of which challenge jurisdiction:

1. Whether the district court had jurisdiction to dismiss the complaint; and

2. Whether the State's notice of appeal is fatally flawed and, thus, does not invoke Supreme Court jurisdiction.

We shall first determine the challenge to this court's jurisdiction.

## SUPREME COURT JURISDICTION

Whether we have jurisdiction in a case is a question of law over which our scope of review is unlimited. *Cypress Media, Inc. v. City of Overland Park*, 268 Kan. 407, 414, 997, P.2d 681 (2000).

The State's notice of appeal provides:

"**TAKE NOTICE PLEASE** that the State of Kansas intends to and does hereby appeal to the Court of Appeals of the State of Kansas all of the findings , orders and judgments of the District Court of Shawnee County, Kansas, in the above-captioned and numerically styled cause of action that were made and entered on or about the 7th day of September, 2001."

Defendant contends the notice of appeal is fatally flawed as it does not set forth: (1) under what statutory authority the appeal is taken, and (2) specifically, what is being appealed. We disagree.

Defendant's argument as to the failure to include statutory authority being a fatal flaw is premised on the mistaken belief that such was required herein. There are significant differences between the requirements of a notice of appeal to the Court of Appeals and a notice of direct appeal to the Supreme Court. The required contents of notices of appeal are set forth in Supreme Court Rule 2.01 (2001 Kan. Ct. R. Annot. 8) and Supreme Court Rule 2.02 (2001 Kan. Ct. R. Annot. 8). These rules in pertinent part are as follows:

"Rule 2.01
## "FORM OF NOTICE OF APPEAL, SUPREME COURT

"When an appeal is permitted directly to the Supreme Court, the notice of appeal shall be filed in the district court, shall be under the caption of the case in the district court and in substantially the following form:

### "NOTICE OF APPEAL

"Notice is hereby given that (specify the party or parties taking the appeal) appeal(s) from (designate the judgment or part thereof appealed from) to the Supreme Court of the State of Kansas.

"The appeal hereby taken is directly to the Supreme Court on the ground that (state ground on which direct appeal is considered to be permitted, including citation of statutory authority)."

"Rule 2.02
## "FORM OF NOTICE OF APPEAL, COURT OF APPEALS

"In all cases in which a direct appeal to the Supreme Court is not permitted, the notice of appeal shall be filed in the district court, shall be under the caption of the case in the district court and in substantially the following form:

### "NOTICE OF APPEAL

"Notice is hereby given that (specify the party or parties taking the appeal) appeal(s) from (designate the judgment or part thereof appealed from) to the Court of Appeals of the State of Kansas."

All appeals from the district court go to the Court of Appeals unless there is statutory authority for an appeal to go *directly* to the Supreme Court. If a party is seeking to appeal directly to the Supreme Court, then the notice of appeal must identify the appealing party and "state [the] ground on which direct appeal is considered to be permitted, including citation of statutory authority." Where a direct appeal is not permitted, and the appeal is to the Court of Appeals, only the identity of the appealing party and the designation of the judgment appealed from need be stated.

When the State filed its notice of appeal, it was not seeking to appeal *directly* to the Supreme Court. The notice of appeal specifically states the appeal is to the Court of Appeals. This case was later transferred to the Supreme Court on our own motion pursuant to K.S.A. 20-3018(c). This transfer did not affect the previously filed notice of appeal in any respect.

Defendant then argues that the notice of appeal is fatally flawed as the "state failed to specify what it was appealing." The cases

cited by defendant draw the State into a discussion which is really not applicable herein. However, before leaving this issue, a brief discussion thereon is appropriate.

First, we need to place this argument in context. K.S.A. 2001 Supp. 22-3602(c) provides:

"Procedures for appeals by the prosecution enumerated in subsection (b) shall be as provided in supreme court rules."

Each of the permitted State appeals in subsection (b) is self-explanatory except for (b)(3), "upon a question reserved," which has required judicial interpretation thereon. For an appellate court to entertain an appeal based upon a question reserved, certain criteria must be met. As we held in *State v. Roderick*, 259 Kan. 107, Syl. ¶ 1, 911 P.2d 159 (1996):

"An appeal on a question reserved under K.S.A. 1994 Supp. 22-3602(b)(3) is permitted to provide an answer which will aid in the correct and uniform administration of the criminal law. This court will not entertain a question reserved merely to demonstrate errors of a trial court in rulings adverse to the State. Questions reserved generally presuppose that the case at hand has concluded but that an answer to an issue of statewide importance is necessary for proper disposition of future cases."

Further, questions reserved are limited to matters which would not otherwise be appealable. *State v. Mountjoy*, 257 Kan. 163, Syl. ¶ 3, 891 P.2d 3776 (1995). What is necessary to reserve a question is discussed in *State v. G.W.A.*, 258 Kan. 703, 906 P.2d 657 (1995).

The appeal herein was from the "findings, orders and judgments of the district court entered on September 7, 2001." The sole action on that date was the dismissal of the complaint which was appealable as a matter of right pursuant to K.S.A. 2001 Supp. 22-3602(b)(1). The notice of appeal was sufficient to convey appellate jurisdiction to review dismissal of the complaint.

The parties, however, become mired down in their arguments, citing cases where a fall-back question reserved issue was raised in the attempt to save a flawed appeal. The first such case is *G.W.A.*, 258 Kan. 703, wherein the State's notice of appeal stated it was appealing from a judgment of acquittal. After noting that a judgment of acquittal was not a statutory basis for appeal, we stated

that the only way the issue could come before us was on a question reserved. 258 Kan. at 705. In dismissing the appeal we held:

"Here, the State's notice of appeal referred solely to an appeal from the judgment of acquittal. It contained no general reference which could be liberally construed to include an appeal on a question reserved. See *Hess [v. St. Francis Regional Med. Center]*, 254 Kan. at 719-20. As in *[State v.] Grant*, 19 Kan. App. 2d at 691, there is no valid controversy as to whether the State complied with the statutory requirements. The notice of appeal was limited and specific and cannot be read to include an appeal on a question reserved. Because the only ruling referred to in the notice of appeal is one which is not subject to appellate review, this court lacks jurisdiction. See *State v. Crozier*, 225 Kan. 120, Syl. ¶ 4." 258 Kan. at 707.

In *State v. Kerby*, 259 Kan. 104, 910 P.2d 836 (1996), the State filed a notice of appeal stating the appeal was pursuant to K.S.A. 22-3603, which pertains to interlocutory appeals. Later, in an effort to save the appeal, the claim was made that the appeal should be considered as a question reserved. The appeal was dismissed based on the holding of *G.W.A.* 259 Kan. at 106.

Finally, the State argues that the cross-appeal in *State v. Verge*, 272 Kan. 501, 34 P.3d 449 (2001), was wrongly decided and should be overruled. In *Verge*, the State's notice of cross-appeal stated it was appealing (1) the judgment of the district court on December 19, 1997, " 'that the initial indictment in [this] case charging two counts of Capital Murder based on the killing of two individuals was multiplicitous and violated the double jeopardy clause of the Fifth Amendment,' " and (2) the judgment of the district court on September 18, 1998, " 'that the State could not amend its complaint by adding one count of premeditated first degree murder.' " 272 Kan. at 521. The stated statutory authority upon which the State appealed was K.S.A. 22-3601(b)(1) (dismissal of complaint).

We determined this was a deficient notice of appeal. A claim was made that we should accept the appeal as a question reserved. We then held:

"Even if the recitation of the two specific dated orders is somehow deemed sufficient so this cross-appeal could be considered a K.S.A. 22-3602(b)(3) appeal 'upon a question reserved by the prosecution,' there was clearly no proper and timely objection or stated reservation of the right to appeal by the prosecution as is required by *State v. G.W.A.*, 258 Kan. at 705-07.

"Finally as Verge argues, an examination of the trial court's ruling of September 18, 1998, shows the State was not prohibited from filing a motion to amend and only held that if it did so, the issues would differ and another preliminary hearing would be necessary. The State elected to proceed based on the complaints as were then filed. This action gives no basis for appeal.

"We have no jurisdiction to consider the State's cross-appeal and it is dismissed." 272 Kan. at 522.

These cases are not germane to any issue before us. The notice of appeal herein was sufficient to invoke the jurisdiction of the Court of Appeals as a matter of right from the dismissal of the complaint. The matter is before us, as previously noted, on a valid transfer from the Court of Appeals. The defendant's challenge to this court's jurisdiction to hear this appeal is without merit.

## JURISDICTION OF DISTRICT COURT
## TO DISMISS THE COMPLAINT

The State contends the district court lacked authority to dismiss the complaint. It argues that the dismissal interfered with the parties' right of contract and was contrary to the statutory scheme relative to diversion agreements.

Defendant contends the district court had the ability to dismiss the case because it maintained jurisdiction over the case even though a diversion agreement had been signed. Although he cites to various provisions of the diversion statutes concerning the district court's procedural involvement, the thrust of his argument is that even though the prosecutor possesses wide discretion in the diversion process, the district court retains the authority to review the exercise of that discretion for arbitrariness.

The document underlying this case is a multipurpose instrument which provides as follows:

### "DIVERSIONARY AGREEMENT
### PRE-TRIAL RELEASE AND GENERAL CONTINUANCE ORDER

"Now on this _____ day of October, 1999, the defendant appears in person and by Richard Schultz, his attorney. The State appears by Joan M. Hamilton, District Attorney. The matter comes on before the Court on the joint agreement of diversion of prosecution and continuance for approval by the Court.

"The Court, being fully advised in the premises, finds that the defendant was charged on the 17th day of September, 1999, with the offenses of Burglary as defined by K.S.A. 21-3715, Theft as defined by K.S.A. 21-3701, Criminal Damage

to Property as defined by K.S.A. 21-3720 and that these charges are in full force and effect.

"The Court finds that:

"1. The defendant has voluntarily waived his/her right to a speedy trial, speedy arraignment, preliminary examination and hearing and/or waiver of the right to a speedy trial by jury, without the advice of counsel.

"2. That the defendant understands that the State must prove him/her guilty beyond a reasonable doubt and that he/she has the right to a trial.

"3. The defendant understands that during the period of diversion of prosecution, the charge(s) pending against him/her will remain in full force and effect and that the said matter may be set for trial prior to the end of the diversion period upon termination of the agreement by any party to the agreement.

"4. The defendant, by signing this agreement, states that he/she has not been convicted of any law of the United States, of any State or ordinances of any city; nor has he/she been on any other diversion programs;

"5. That he/she has read this agreement and agree and stipulate to the facts as set forth in the affidavit and complaint. He/she further acknowledges that any resumption of the criminal case, including any appeal, will be had only upon the stipulation of facts contained in this Diversion Agreement pursuant to K.S.A. 1992 Supp. 22-2909 (d) as amended in the 1993 Session Laws of Kansas, Chapter 121, section (d).

"6. The defendant waives the right to present evidence if criminal prosecution is resumed.

"7. That upon successful completion of the diversion period, the Complaint will be dismissed by the State of Kansas.

"IT IS THEREFORE BY THE COURT ORDERED that defendant be and is hereby released pending trial for a period of _24_ months conditioned upon the successful completion of the diversionary program and upon the following conditions:

"1. That he/she refrain from violating any [federal, State and local laws].

"2. That he/she report to this Court, the Shawnee County District Attorney's Officer or any other person at any time that he/she may be ordered to do so by the Court, or anyone so designated by the Court.

"3. That he/she conduct himself at all times as a law abiding citizen.

"4. That he/she advise the diversion coordinator of any changes in address or employment during the period of his/her diversion.

"5. That he/she pay court costs in the amount of $134.50 within _24_ months.

"6. That he/she pay Diversion Maintenance Fee of $75.00 within _24_ months.

"7. That he/she pay the cost of collecting any court debt or restitution not paid during the duration of the diversion, including but not limited to, court costs, restitution and attorney fees.

"8. That he/she pay any restitution resulting from this case, jointly and severally liable with the co-defendant in this case.

"The Court, the defendant or the State of Kansas reserve the right to terminate this agreement at any time prior to the successful completion of the term of the diversion program and demand that the matter be set for trial."

The court did not sign the agreement, and there was no signature line for such signature. There was a signature line for the district attorney. Defendant and his attorney signed the document. Below the signatures the following appears:

"I, JOHN M. HURLA, the above named defendant, have read the above order and know the contents thereof and hereby agree to comply with the conditions as set forth therein.

"    /s/John Hurla    
DEFENDANT"

As in the previous issue, the parties present this issue as being far more complex than it actually is. Both parties rely heavily on *State v. Greenlee*, 228 Kan. 712, 620 P.2d 1132 (1980), in support of their respective positions.

In *Greenlee*, the district court held the basic diversion scheme to be unconstitutional as being violative of the doctrine of separation of powers. We disagreed therewith, but that issue is not germane herein. The factual background of *Greenlee* was that the Sedgwick County District Attorney's office had a policy of excluding drug offenders from the diversion program. Greenlee was charged with drug offenses and contended such exclusion denied him due process and equal protection. We agreed with the district court that such exclusionary policy was not violative of these constitutional protections. We held, however, that "the prosecutor, although possessing wide discretion, is not immune from judicial review of the exercise of that discretion for arbitrariness." 228 Kan. at 721. Defendant herein attempts to use this language from *Greenlee* as authorizing the district court's dismissal of the complaint. We decline to get bogged down in the *Greenlee*-based arguments of the parties, all of which are unnecessary to the resolution of the issue before us.

To resolve the issue of the propriety of the dismissal of the complaint, we need to examine the factual background and the nature

of the proceeding before the district court. The following chronological sequence of events assists in putting the issue in focus:

| | |
|---|---|
| 5/19/99 | Crimes committed |
| 9/17/99 | Defendant charged |
| 10/18/99 | Diversion agreement filed |
| 8/19/01 | Motion filed by defendant for early discharge of diversion |
| 9/7/01 | Motion heard and complaint dismissed |

Defendant's argument that his motion was properly before the court on a *Greenlee* test of whether the State had acted arbitrarily in opposing his request for early discharge has absolutely no basis in law or fact. There is nothing in the record to indicate the defendant ever sought early discharge from the district attorney. His motion for early discharge is premised on his having paid what was ordered and having completed all terms of the agreement except for the last few weeks of the 24-month diversionary term. The stated reason for the request was for the opportunity of improved employment.

The diversion agreement states that either party (or the court) may terminate the agreement prior to a successful completion of the *term* of the diversion program and demand that the matter be set for trial. There is nothing in the agreement authorizing a shortening of the term of the diversion agreement except to go to trial. Defendant would be very hard pressed to assert that objecting to his motion for early successful termination was an arbitrary act on the part of the State justifying judicial review.

Indeed, the district court did not grant the requested relief. The first journal entry stated that "in the interest of justice" the motion was granted for "early successful discharge from the diversion agreement." The State refused to sign this journal entry, which was filed without the State's approval. The State then filed a motion to set aside the journal entry and for reconsideration. At the hearing therein, the State pointed out that the journal entry did not accurately reflect what the court ordered on the record at the court's September 7, 2001, hearing. On the record the court ruled it was dismissing the complaint rather than granting early successful discharge from the diversion agreement. The court agreed that the

journal entry was in error and and a nunc pro tunc order was filed showing: (1) defendant's motion for early successful discharge had not been granted; and (2) the court had dismissed the complaint.

Clearly, the district court had no jurisdiction to dismiss the complaint over the State's objection where the 24-month term of the diversion agreement had not been successfully completed. Perhaps the court was led astray by defense counsel's statement at the September 7, 2001, hearing that defendant "was deferred in May of 1999, over two years ago." This was incorrect. The underlying crimes occurred in May 1999; diversion did not commence until October 1999.

The dismissal of the complaint must be reversed and the case remanded with directions to reinstate the diversion agreement and for a hearing to determine whether defendant had successfully completed the term of the diversion agreement as of October 19, 2001, and other action as appropriate herein.

The judgment is reversed and remanded with directions for further proceedings consistent with this opinion.

LARSON, S.J., assigned.