(128 P.3d 999)
No. 93,790

STATE OF KANSAS, *Appellant*, v. JOSE RAMON CARBAJAL PALMA, *Appellee*.

—

Opinion filed February 24, 2006.

*Ernest H. Richardson*, county attorney, and *Phill Kline*, attorney general, for appellant.

*Sarah Ellen Johnson*, assistant appellate defender, for appellee.

Before PIERRON, P.J., MARQUARDT and MALONE, JJ.

PIERRON, J: The State appeals a question reserved of whether the district court erred in releasing Jose Ramon Carbajal Palma on an own recognizance bond following a warrantless arrest and a probable cause finding by the court because no warrant had ever been issued in the case.

Palma was stopped for traffic violations on September 5, 2004. He consented to a search, and officers discovered 21 pounds of marijuana in hidden compartments in the car. Palma was arrested and transported to the county jail. Officer Robert Walker of the Pratt Police Department prepared a probable cause affidavit and submitted it to the district court for a judicial finding of probable cause. On September 7, 2004, the court determined there was probable cause to believe that Palma committed the offense of possession of marijuana with intent to distribute and there was probable cause for Palma's arrest and detention. Bond was set at $25,000.

That same day, on September 7, 2004, the State filed a complaint against Palma alleging drug crimes of possession of marijuana with intent to sell, possession of controlled substances without a tax stamp, and possession of drug paraphernalia. Palma made his first appearance on September 7, 2004, received appointed counsel, and after a number of continuances during the following weeks, a preliminary hearing was scheduled for October 12, 2004. On October 12, 2004, the district court held a preliminary hearing and bound Palma over for arraignment on a finding of probable cause that Palma committed the charged felonies.

At the arraignment hearing on October 15, 2004, Palma had not posted bond and was still in custody. He pled guilty to the charges. The district court set the sentencing hearing for November 15, 2004, and released Palma because no warrant had been issued or served. The court stated:

"Court directs Mr. Palma be released on his own recognizance to appear before this Court November 15th for sentencing.

"I do not believe it was appropriate that he be held in custody without the issuance of a warrant after this charge was filed.

"The Court directs you, Mr. Johnson [Defense Counsel], to research and potentially file pleadings on behalf of Mr. Palma on the issue of whether his constitutional rights have been violated because of his detention in the Pratt County Jail for five weeks without a warrant being served upon him."

The State appeals the trial court's release of Palma due to the lack of a warrant. The journal entry of arraignment states:

"The State, with the consent of the Defendant, is permitted to reserve for appeal the issue whether an arrest warrant must be issued when a complaint is filed following a warrantless felony arrest when probable cause has been found by the court based on the arresting officer's affidavit, when the court has authorized the arrest and detention of the Defendant on the officer's affidavit, when the Defendant is already in custody, and when a bond has been set. The Defendant in the present case was issued a summons."

The State argues the issuance of a post-arrest warrant was not required and it was clear error for the trial court to release Palma on an own recognizance bond solely on the belief that the issuance of a post-arrest warrant was required.

Palma does not address the substance of the State's arguments. Rather, he argues this court should decline jurisdiction because the State does not raise an issue of statewide importance. K.S.A. 2005 Supp. 22-3602(b)(3) provides that the prosecution can appeal upon a question reserved.

Whether jurisdiction exists is a question of law over which an appellate court's scope of review is unlimited. *State v. Stough*, 273 Kan. 113, 116, 41 P.3d 281 (2002). The Kansas Supreme Court has emphasized that questions reserved are not entertained simply to demonstrate trial court errors which are adverse to the State or because a decision would be helpful precedent. See *State v. Tremble*, 279 Kan. 391, 393, 109 P.3d 1188 (2005). Instead, "[t]o be considered on appeal, questions reserved by the prosecution must be issues of statewide interest important to the correct and uniform administration of criminal law." *State v. Mountjoy*, 257 Kan. 163, 167-68, 891 P.2d 376 (1995).

Palma contends this case presents simply another instance where the State is merely trying to have the appellate courts consider whether the district court committed an error in its rulings adverse to the State, in this case whether the court was wrong to release him. Palma also argues the question is moot and the State cannot show any prejudice because he returned for all subsequent proceedings as ordered in the own recognizance bond and is now in prison serving his sentence. Further, Palma maintains this is an inappropriate way to handle any claims he might have for violation of his civil rights as a result of his imprisonment without ever receiving a warrant.

We can permit this appeal under K.S.A. 2005 Supp. 22-3602(b)(3) only if we deem the issue presented to be of statewide interest. In order to reserve a question, the State must "make proper objections or exceptions at the time the order complained of is made or the action objected to is taken, laying the same foundation for appeal that a defendant is required to lay. [Citation omitted.]" 257 Kan. at 166. No formal procedural steps are required by K.S.A. 2005 Supp. 22-3602(b)(3) to appeal on a question reserved.

We determine that resolution of the question reserved would provide helpful precedent. The issues sought to be raised in this appeal are not questions that are fact-specific, and this case answers a question of statewide interest concerning post-arrest warrants. Compare *Tremble*, 279 Kan. 391. We agree with the State that the discussion over Palma's bond did not go to the amount or the character of the bond. Instead, the questions involving the bond concerned whether Palma was being illegally held in jail due to the lack of preparation or execution of a post-arrest warrant. Further, we do not find the issues in the present case to be moot, since it is easily recognizable that other district courts in Kansas may have to answer this dilemma. In *State v. Woodling*, 264 Kan. 684, 688, 958 P.2d 398 (1998), the court stated: " 'We have uniformly declined to entertain questions reserved, the resolution of which would not provide helpful precedent.' [Citation omitted.]" A question reserved "presuppose[s] that the case at hand has concluded but that an answer is necessary for proper disposition of future cases which may arise." *State v. Ruff*, 252 Kan. 625, 630, 847 P.2d 1258 (1993). For all of these reasons, we hold that the correct and uniform administration of the criminal law requires our consideration of this issue.

Kansas jurisprudence in the area of criminal law clearly allows law enforcement officers to arrest an individual when the officer has probable cause to believe the individual is committing or has committed a felony. See K.S.A. 2005 Supp. 22-2401(c)(1); *Gerstein v. Pugh*, 420 U.S. 103, 113, 43 L. Ed. 2d 54, 95 S. Ct. 854 (1975). After this warrantless arrest, a suspect may be held in custody pending trial so long as a judicial determination of probable cause is made within 48 hours of the arrest. See K.S.A. 2005 Supp. 22-2901(7); *County of Riverside v. McLaughlin*, 500 U.S. 44, 56, 114 L. Ed. 2d 49, 111 S. Ct. 1661 (1991).

K.S.A. 22-2302(1) addresses the usual situation where law enforcement officers provide sufficient information to obtain an arrest warrant:

"If the magistrate finds from the complaint, or from an affidavit or affidavits filed with the complaint or from other evidence, that there is probable cause to believe both that a crime has been committed and that the defendant has committed it,

a warrant for the arrest of the defendant shall issue, except that a summons instead of a warrant may be issued if: (a) The prosecuting attorney so requests; or (b) in the case of a complaint alleging commission of a misdemeanor, the magistrate determines that a summons should be issued. More than one warrant or summons may issue on the same complaint. If a defendant fails to appear in response to the summons, a warrant shall issue."

In the situation of a warrantless arrest and a subsequent finding of probable cause, K.S.A. 22-2302(1) has minimal applicability. The process of arrest without a warrant and a subsequent judicial finding of probable cause within 48 hours is a valid substitute for obtaining an arrest warrant with the attendant finding of probable cause and subsequent execution of the warrant. See, *e.g.*, *State v. Hershberger*, 27 Kan. App. 2d 485, 489-91, 5 P.3d 1004 (2000) (*McLaughlin* only applies to detentions following warrantless arrests); K.S.A. 2005 Supp. 22-2901(7).

In *State v. Overton*, 279 Kan. 547, Syl. ¶ 1, 112 P.3d 244 (2005), the court addressed the necessity of filing a warrant for a defendant who is already in custody and concluded that the issuance of a warrant or summons for the arrest of a defendant who had been arrested by an officer on probable cause and is already in custody on other charges is not required by the Kansas criminal statutes. Overton argued that his convictions should have been reversed because the district court lacked jurisdiction to prosecute him. He claimed the State failed to commence prosecution within the statute of limitations when it did not prepare and deliver an arrest warrant to the sheriff for execution. In *Overton*, there was never a warrant issued for Overton's arrest because he was arrested by an officer who had probable cause to believe Overton had committed a crime. A complaint was filed, and Overton's first appearance was held prior to the expiration of the statute of limitations of the crimes charged by the State. Because Overton's first appearance occurred while he was in custody for subsequent charges, the court did not issue a warrant or summons for the charges at issue. The *Overton* court stated:

"Under the circumstances of this case, the district court's procedure comports with the purpose of the Code. The issuance of a warrant or summons for the

arrest of a defendant already in custody on other charges is not required by the Code.

"Although K.S.A. 22-2302(1) requires a magistrate to issue a warrant or a summons after determining that there is probable cause supporting a complaint, the issuance of a warrant or summons is not required for commencing a prosecution pursuant to K.S.A. 22-2301(1). K.S.A. 2004 Supp. 22-2401(c)(1) provides that a law enforcement officer can arrest a person when the officer has probable cause to believe that the person has committed or is committing a felony. Once an arrest has been made without a warrant, the person arrested must be taken before the nearest available magistrate without unnecessary delay and a complaint filed forthwith. K.S.A. 2004 Supp. 22-2901(1). The accused may be released on bond after his or her first appearance before a magistrate, pending a preliminary examination or trial. K.S.A. 2004 Supp. 22-2802(1). In this case, Overton was arrested by a peace officer without a warrant because the officer had information that Overton had committed a felony." 279 Kan. at 550.

We note that a complaint is a "written statement under oath of the essential facts constituting a crime." K.S.A. 22-2202(8). K.S.A. 22-2301(1) states that a prosecution is commenced when the complaint is filed: "Unless otherwise provided by law, a prosecution shall be commenced by filing a complaint with a magistrate. A copy of the complaint shall forthwith be supplied to the county attorney of the county and a copy thereof shall be furnished to the defendant or said defendant's attorney upon request."

The State maintains that applying the warrant or summons requirement in K.S.A. 22-2302 produces an unreasonable and absurd result. "As a general rule, statutes are construed to avoid unreasonable results. There is a presumption that the legislature does not intend to enact useless or meaningless legislation. [Citation omitted.]" *In re M.R.*, 272 Kan. 1335, 1342, 38 P.3d 694 (2002). The State suggests that if a post-arrest warrant is required, the possible scenario arises where a defendant could be rearrested after already lawfully bonding out on the same charge. The State also suggests a post-arrest warrant in this situation could result in a return of the warrant that predates the judge's issuance of the warrant. This would occur if the officer dates the return on the day the defendant was actually brought into custody on the warrantless arrest. Last, the State suggests that if a defendant is out on bond, there is no purpose for the warrant since the defendant has already

ensured that he or she will appear on a specific day and time for the next hearing.

The purpose for issuing a warrant or summons is to provide the accused with actual notice of the charge or charges against him or her and to insure that the accused appears before the court for further proceedings. See K.S.A. 22-2304 (form of warrant or summons). Both of those goals were accomplished when Palma appeared before the district court for the judicial finding of probable cause without a warrant. Palma has failed to show a violation of the criminal code or any prejudice resulting from the court's failure to issue a warrant.

Applying the principles of *Overton* to the present case, we conclude the district court erred in determining that Palma should be released from custody because a warrant had not been issued or executed. The lack of necessity of requiring the State to serve Palma with a warrant is demonstrated by the fact that he was already in custody for the crime at issue at the time the arrest warrant would have issued. "Warrant" is defined in the criminal code as "a written order made by a magistrate directed to any law enforcement officer commanding the officer to *arrest* the person named or described in the warrant." (Emphasis added.) K.S.A. 22-2202(20). "Arrest" is defined as "the taking of a person *into custody* in order that the person may be forthcoming to answer for the commission of a crime." (Emphasis added.) K.S.A. 22-2202(4).

The issuance of a warrant or summons for the arrest of a defendant who has already been arrested on probable cause and remains in custody after a probable cause determination by the court is not required by the Kansas criminal statutes.

Appeal sustained.