(155 P.3d 1196)
No. 95,941

EDWARD E. GATES, JR., *et al.*, *Appellants*, v. BEVERLY GOODYEAR
and JIM ROBERTS, *Appellees*.

Opinion filed April 13, 2007.

*Keith C. Sevedge*, of Lenexa, and *Robert D. Beall*, of Leavenworth, for appellants.

*Robert Hadley Hall*, of Leavenworth, for appellees.

Before GREENE, P.J., CAPLINGER, J. and BRAZIL, S.J.

GREENE, J.: Edward E. Gates, Jr., appeals from a district court judgment against him, assessing actual and punitive damages for his conversion of the personal property of his former tenants, Beverly Goodyear and Jim Roberts. We dismiss Gates' first two claims of error, concluding that his notice of appeal failed to designate the matters appealed from; we affirm the district court on Gates' third claim of error, concluding that where no final pretrial conference is held, there was no contravention of K.S.A. 60-3703 in permitting the tenants to amend their petition to seek punitive damages after the initial case management conference but more than 2 months prior to trial.

## Factual and Procedural Background

Sometime in 2000, Gates' father entered into a lease with Goodyear and Roberts of premises in Linwood, Kansas, for residential and commercial purposes, and from which the tenants would operate their trucking business. After Gates' father died, Gates became the landlord and sought to oust the tenants. In December 2004, Gates filed a petition alleging the tenants had failed to pay rent and seeking possession of the premises and judgment for back rent and interest. The tenants were served with process, and on January 5, 2005, an order was issued granting Gates immediate possession of the premises effective February 15, 2005 at 5 p.m.

On February 11, 2005, tenants filed a motion to extend the order of immediate possession from February 15 until February 28, 2005, alleging they had been unable to vacate the premises due to inclement weather. This motion was set for hearing on February

17, 2005, but shortly after 5 p.m. on February 15, Gates and a sheriff's deputy forcibly removed the tenants from the premises.

On February 17, 2005, the court issued an order finding the tenants had vacated the premises but had not removed all their property. The order permitted the tenants to have access for the purpose of removing their property until noon on February 18, 2005, and that if the parties disputed ownership of any of the personal property, all disputed items should be listed and should remain on the property until a later hearing. Shortly thereafter, tenants filed a motion to hold Gates in contempt of this order. Ultimately, the action was converted to a Chapter 60 proceeding, and the tenants were permitted to file an answer and counterclaim alleging that Gates converted their personal property.

In pretrial proceedings in April 2005, the district court set aside the February 17 order, but set the matter for discovery and trial. After discovery, the filing of tenants' motion to amend to seek punitive damages, and numerous additional proceedings to address pleading and related issues, the matter was tried to the court. On August 16, 2005, the court made the following material findings and conclusions: (i) The lease was a tenancy from month to month and a "hybrid" residential and commercial lease; (ii) the tenants were not in arrears in rental payments when the initial petition was filed; (iii) the forcible entry and detainer action was defective because Gates did not strictly comply with the applicable procedures to terminate the lease; (iv) K.S.A. 58-2565(d) was inapplicable to vest lien rights of a landlord in the tenants' property; (v) Gates' damage claims were unfounded and his claims to ownership of the retained property were unsubstantiated; (vi) Gates' retention of the tenants' property constituted conversion; and (vii) the conversion was willful and wanton and justified punitive damages. These findings and conclusions were referenced as the reasons for a journal entry dated August 19, 2005, wherein Gates was ordered to return the tenants' property pursuant to a designated procedure.

Despite the apparent decision by the court to award punitive damages in August 2005, Gates thereafter filed a motion challenging the tenants' amendment to seek punitive damages on the same bases outlined in his brief on appeal. This motion was set for hear-

ing in mid-November and was apparently resolved in connection with the court's assessment of damages in November.

Following the August judgment, the tenants claim that Gates failed to comply with this judgment to return their property, and they made accusations in contempt against Gates. At a November hearing, the court found that Gates had not complied with the prior order and judgment, determined the amount of missing and non-returned property was $29,483.62, that some returned property was damaged to the extent of $13,468.68, and that punitive damages should be set at $10,000. These conclusions were incorporated in a journal entry dated November 29, 2005. Gates timely appeals this November judgment only, challenging principally the conclusion that he converted the tenants' property but also the court's ruling on his motion to strike the punitive damage claim.

*Was Gates' Notice of Appeal Specific as to the Issues Briefed to Confer Jurisdiction on this Court?*

Although neither of the parties have challenged our jurisdiction, we noted *sua sponte* that the notice of appeal filed by Gates may not be specific enough to vest appellate jurisdiction over the issues addressed by his brief. At oral argument we invited the parties to submit supplemental briefs on this issue. We have a duty to question jurisdiction on our own initiative; if the record shows there is no jurisdiction for the appeal, we must dismiss. *State v. Wendler*, 280 Kan. 753, 755, 126 P.3d 1124 (2006).

Gates' notice of appeal stated that he appealed from "the judgment entered herein by order dated November 16, 2005 and filed by the Clerk of the Leavenworth County District Court on November 29, 2005 . . . ." He then seeks to challenge: (i) the district court's refusal to apply K.S.A. 58-2565(d) so as to vest a landlord's lien on the tenants' property; (ii) the district court's conversion findings; and (iii) the district court's grant of the tenants' amendment to seek punitive damages. The general problem with the notice of appeal is that the only judgment appealed did not address these issues because they had already been addressed in prior proceedings and were reflected in or supported a prior journal entry, which was not appealed. The judgment of November 16, 2005, was

principally triggered by the tenants' accusations in contempt and merely assessed the amount of damages against Gates by reason of his failure to comply with prior judgments of the court.

Careful scrutiny of the record on appeal reveals that the court's prior judgment on August 19, 2005, addressed and resolved the first two issues specified in Gates' brief on appeal. The August 19 journal entry was entered after a bench trial on the substantive issues and ordered that the tenants' property be returned "for the reasons stated on the record." That trial record reflects that the court made 24 extensive findings with associated conclusions of law, including: ·

"14. It's the conclusion of the Court that K.S.A. 58-2565 does not apply to the property that the plaintiff has held in this case. . . .

"15. Plaintiffs' actions in retaining possession to the exclusion of defendants of the items of property that plaintiff has no legitimate claim of ownership to, constitute conversion of . . . defendants property.

. . . .

"24. . . . .The Court finds by clear and convincing evidence that plaintiffs wrongful conversion was willful and/or wanton and intentional and justifies an award of punitive damages. The amount of that award will be determined after return of defendants' property. The Court will take into account how that whole process goes before determining an appropriate amount of punitive damages."

Requirements for a notice of appeal are specified in K.S.A. 60-2103(b):

"*Notice of appeal.* The notice of appeal shall specify the parties taking the appeal; *shall designate the judgment or part thereof appealed from,* and shall name the appellate court to which the appeal is taken." (Emphasis added.)

These requirements are also embraced in the appellate rules, which specify the form of notice of appeal and provide that it include a designation of "the judgment or part thereof appealed from." Supreme Court Rules 2.01 (2006 Kan. Ct. R. Annot. 9) and 2.02 (2006 Kan. Ct. R. Annot. 9). Utilization of "catch-all" language, such as "and from each and every order or ruling entered against the appellant" or "from all underlying adverse rulings" in a notice of appeal has been recognized as sufficiently inclusive to perfect appeals from otherwise unspecified rulings. See, *e.g.,* *Fletcher v. Anderson,* 27 Kan. App. 2d 276, 283-84, 3 P.3d 558

(2000). Where the notice fails to specify the judgment appealed from, the appeal should be dismissed. See, *e.g.*, *State v. G.W.A.*, 258 Kan. 703, 705, 906 P.2d 657 (1995); *In re Marriage of Galvin*, 32 Kan. App. 2d 410, 411-12, 83 P.2d 805 (2004).

We are mindful of case law cited by Gates wherein a notice of appeal was deemed sufficient despite some defect as to specificity. See, *e.g.*, *State v. Boyd*, 268 Kan. 600, 603-04, 999 P.2d 265 (2000). In such cases, our Supreme Court has recognized that a notice of appeal should not be overly technical or detailed, and it should be broadly construed. *Hess v. St. Francis Regional Med. Center*, 254 Kan. 715, 718-20, 869 P.2d 598 (1994) (citing the language of K.S.A. 60-102 to justify a liberal construction to secure the just, speedy, and inexpensive determination of every action or proceeding). Notably, however, these cases have not addressed a clear omission of the judgment sought to be appealed. *State v. Hurla*, 274 Kan. 725, 726-30, 56 P.3d 252 (2002) (State appeal from "findings, orders and judgments" sufficient to preserve challenge to dismissal of complaint); *State v. Ransom*, 268 Kan. 653, 655-56, 999 P.2d 272 (2000) (appeal from "judgment and sentence" sufficient to preserve challenge to certification to stand trial as adult); *Boyd*, 268 Kan. at 606-08 (appeal from "conviction" sufficient to preserve evidentiary and procedural claims); *Key v. Hein, Ebert & Weir, Chtd.*, 265 Kan. 124, 128-31, 960 P.2d 746 (1998) (pro se appeal from "each and every order entered contrary to plaintiff" adequate to preserve challenge to summary judgment order not specifically referenced); *Hess*, 254 Kan. at 719 (appeal from "portions of the jury verdict and the judgment entered by the court" sufficient to preserve challenges to comparative fault and collateral source benefits determinations).

In his supplemental brief as to jurisdiction, Gates first argues the November order's reference to findings amounts to equivalent catch-all language to include the August findings; we disagree. The transcript of the November hearing does not contain findings related to the August judgment, but rather findings related exclusively to the award of damages due to noncompliance with the August order. Gates next argues that the August journal entry contained language that contemplated a more complete journal entry

in the future; we acknowledge that such language appeared in the August order, but no such "future" journal entry was ever filed addressing the August findings and conclusions. Based upon the state of the record, we do not believe Gates could reasonably have been confused about which matters should have been referenced in his notice of appeal in order to challenge the district court's August findings and conclusions supporting his conversion of the tenants' property. These issues were history as of the November proceedings.

Here, we conclude that Gates clearly omitted any designation of the August findings, conclusions, or judgments in his notice of appeal and designated with specificity only the November 19 judgment. No catch-all language was utilized in the notice, and there was no reasonable manner that Gates could have believed the November proceedings included any reiteration or finalization of the August findings and conclusions. If we were to hold that the notice of appeal is sufficient under these circumstances, we would adjudicate out of existence the statutory mandate that a notice of appeal "shall designate" the judgment appealed from. This we decline to do. See *State v. Palma*, 35 Kan. App. 2d 116, 128 P.3d 999 (2006).

For these reasons, we have no jurisdiction over the first two of Gates' claims of error on appeal and dismiss those claims. Because the third claim of error arises in part from a motion filed between the August and November proceedings and was apparently resolved in connection with the November proceeding (from which Gates has appealed), we retain our jurisdiction and address this claim.

Before moving to the merits of that claim, however, we note that if we were to address Gates' first two claims on their merits, we would be compelled to affirm the district court. Gates' retention of his tenants' property was based exclusively upon his understanding of K.S.A. 58-2565(d). We agree with the district court that this statute had no application here due to the defects in the forcible detainer action, the failure of the tenants to either abandon or surrender the premises, and the failure of Gates to publish notice, sell the property, or otherwise proceed in accordance with the strictures of the statute. In the absence of a qualified retention of the

tenants' property under this statute, we agree with the district court's conclusion that Gates' actions constituted a conversion under Kansas law.

*Did the District Court Err in Permitting Tenants to Amend to Seek Punitive Damages, Given Their Motion was Filed After the Case Management Conference?*

Gates contends the district court erred in permitting the tenants to add their punitive damage claims because they failed to comply with K.S.A. 60-3703, requiring that such a motion must be filed "on or before the date of the final pretrial conference held in the matter." This argument necessitates construction and application of the statute, which is a question of law triggering unlimited review. *Sullwold v. Barcus*, 17 Kan. App. 2d 410, 413, 838 P.2d 908, *rev. denied* 251 Kan. 942 (1992).

The statute provides:

"No tort claim or reference to a tort claim for punitive damages shall be included in a petition or other pleading unless the court enters an order allowing an amended pleading that includes a claim for punitive damages to be filed. . . . The court shall not grant a motion allowing the filing of an amended pleading that includes a claim for punitive damages *if the motion for such an order is not filed on or before the date of the final pretrial conference held in the matter.*" K.S.A. 60-3703.

Gates contends that the defendant's motion was not timely because it was not filed prior to the April 27, 2005, case management conference. Gates contends that in the absence of any other pretrial conference, the case management conference was the "functional equivalent" of a final pretrial conference. Because the motion to amend was filed after that date, Gates contends it was untimely.

K.S.A. 60-3703 refers specifically to the "final" pretrial conference. The legislature added the term "final" by amendment in 1997. L. 1997, ch. 173, sec. 33. K.S.A. 60-216 also distinguishes between pretrial conferences and *final* pretrial conferences. The scheduling of a final pretrial conference is discretionary, K.S.A. 60-216(d), but such conferences are conducted pursuant to Supreme Court Rule 140 (2006 Kan. Ct. R. Annot. 201-03) requiring the

final pretrial conference be predicated upon discovery being completed. During this conference, the both parties must concisely state their factual contentions. The plaintiff must identify his theory of the action and the defendant must identify the theories of his defenses and counterclaims. The parties must submit the names and addresses of witnesses who will be called to testify and summarize their testimony. All exhibits that the parties intend to use at the trial must be made known to the court and other parties. Rule 140(g). As a result of this conference, the district court is required to prepare a final pretrial order. Rule 140(e). The final pretrial order controls the subsequent course of the action unless modified by the court. K.S.A. 60-216(e).

In contrast, K.S.A. 60-216(b) provides that a case management conference is required to be scheduled as soon as possible and conducted within 45 days of the filing of the answer. During this type of conference, the purpose is to: (1) identify issues and explore the possibility of stipulation and settlement; (2) allow for the exchange of information on documents and witnesses; (3) establish a plan and schedule for discovery; (4) set deadlines for various motions; and (5) schedule the a final pretrial conference and trial. K.S.A. 60-216(b).

We conclude that under the rules of civil procedure, there is a clear distinction between a case management conference—which must take place early in the case—and a final pretrial conference—which takes place shortly before trial and after discovery is significantly completed. Here, the court appears to have offered to schedule another conference during the April hearing to "get some order put in this matter and get it scheduled for final hearing." In lieu of scheduling an additional hearing, however, both attorneys requested additional time to work out various details. Gates never requested a final pretrial conference. Thus, under these circumstances, a motion filed after the initial case management conference and 2 months prior to trial is not untimely under K.S.A. 60-3703.

Gates does not challenge the sufficiency of the defendants' motion to amend, the sufficiency of the evidence to support the finding punitive damages were warranted, or the amount of punitive

damages assessed. The district court's award of punitive damages, based on the defendants' timely motion to amend to add such a claim, must be upheld.

Affirmed in part and dismissed in part.