NOT DESIGNATED FOR PUBLICATION

No. 112,355

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

KEVIN LOGAN,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WARREN M. WILBERT, judge. Opinion filed September 25, 2015. Affirmed in part and dismissed in part.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before PIERRON, P.J., BRUNS and SCHROEDER, JJ.

*Per Curiam*:  Kevin Logan appeals the district court's denial of his notice of appeal out of time and motion to reconsider his motion to appeal out of time. The motions fail to clearly delineate what Logan is actually trying to appeal out of time. We find the district court did not abuse its discretion in denying Logan's multiple motions. Additionally, if Logan is really attempting to appeal his guideline sentence of 216 months' imprisonment out of time, we have no jurisdiction to consider a Kansas guideline sentence. Affirmed in part and dismissed in part.

FACTS

A jury convicted Logan of aggravated robbery. On February 1, 2010, the district court imposed a 216-month sentence and ordered it to be run consecutive to a previous juvenile sentence. Logan appealed his conviction and sentence on multiple issues. See *State v. Logan*, No. 103,926, 2011 WL 3250572 (Kan. App. 2011) (unpublished opinion), *rev. denied* 293 Kan. 1111 (2012). This court affirmed his conviction, but vacated his sentence for aggravated robbery because it determined the district court did not have the statutory authority to order Logan's sentence to run consecutive to his previous juvenile sentence. 2011 WL 3250572, at *2-3. The matter was remanded to the district court for resentencing. 2011 WL 3250572, at *3.

On August 22, 2011, Logan filed a petition for review from this court's decision in case No. 103,926. On January 6, 2012, the Kansas Supreme Court denied Logan's petition for review. Logan's appellate counsel mailed a letter to Logan notifying him of the Supreme Court's order on February 24, 2012.

On March 16, 2012, Logan was resentenced pursuant to the mandate issued. The district court sentenced Logan to 216 months' imprisonment to be served concurrent to his previous juvenile sentence. The journal entry of resentencing indicated Logan was informed of his right to appeal. We also note the sentencing journal entry reflects that at the resentencing hearing a guideline sentence of 216 months' imprisonment was imposed; however, a transcript of the hearing was not included in the record on appeal.

On November 19, 2013, Logan filed a pro se motion titled, "Permission to File Motion for Notice of Appeal Out of Time." The motion was brief and cited no specific order Logan sought to appeal. Instead, Logan claimed he was entitled to relief because he "was a layman to the law" and "is also working on my case without any help or assistances from a[n] attorney."

2

The State filed a response on December 11, 2013. The State argued Logan had failed to present sufficient information in his appeal, including the specific ruling Logan wished to appeal, and therefore, Logan's request to file an appeal out of time should be denied.

On January 10, 2014, the district court issued an order summarily denying Logan's motion to appeal out of time. The district court order in its entirety states: "Ct adopts the State's response as its findings of fact and conclusions of law."

Forty-one days later, on February 20, 2014, Logan filed a pro se motion titled, "Motion to ReConsider [*sic*] Permission to File Notice of Appeal Out of Time." The motion was brief but included the letter from his appellate counsel informing Logan of the Supreme Court's order and a copy of the Supreme Court's order. Logan requested the motion be granted because his appellate counsel in case No. 103,926 did not inform him of the Supreme Court's order disposing of case No. 103,926 until more than 1 month after the order was issued.

The State responded that Logan failed, pursuant to K.S.A. 2014 Supp. 60-2103(b) and Supreme Court Rule 2.02 (2014 Kan. Ct. R. Annot. 12), to specifically identify the ruling he was appealing, and the documents attached to his motion to reconsider his appeal out of time in case No. 103,926 were irrelevant as his appellate counsel had no further duty in that case. The State argued the district court could address the motion without an evidentiary hearing because the motions, files, and records of the case established Logan was not entitled to relief. The State requested the district court deny Logan's request. On March 12, 2014, the district court again summarily denied Logan's motion. The order stated: "Court adopts the State's response as its findings of fact and conclusions of law." Thus, it appears the district court relied on both of the State's arguments to deny Logan's request to reconsider allowing his appeal out of time.

On April 11, 2014, Logan filed his notice of appeal. Logan's notice of appeal expressed his desire to appeal both the denial of his "Permission to File Motion for Notice of Appeal Out of Time" and "Motion to ReConsider [*sic*] Permission to File Notice of Appeal Out of Time."

This court issued a show cause order on October 6, 2014, questioning its jurisdiction to hear the case based on the timeliness of the notice of appeal. The State responded arguing Logan's notice of appeal and motion to reconsider were both untimely as to the district court's summary denial of his motion to file an appeal out of time. Therefore, this court lacked jurisdiction. Logan responded to the show cause order with multiple new arguments, including that the factors outlined in *State v. Ortiz* applied and favored allowing him to file an untimely notice of appeal. 230 Kan. 733, 735-36, 640 P.2d 1255 (1982). In his response, Logan claims he was never advised of his right to appeal (though he does not identify the hearing), and that he was not afforded counsel to assist in his right to an appeal.

On October 30, 2014, this court issued its order retaining the appeal.

ANALYSIS

*Is Logan's Notice of Appeal Out of Time?*

On appeal, Logan contends the district court erred in denying his motion for leave to file a notice of appeal out of time. Logan cites no standard of review governing this court's review of the issue. Logan does not argue a specific *Ortiz* exception applies, but instead contends he is entitled to remand to the district court so it can consider whether he is entitled to file an untimely notice of appeal. We find the *Ortiz* issue was not sufficiently preserved and was raised incidentally in his brief. See *State v. Llamas*, 298

4

Kan. 246, 264, 311 P.3d 399 (2013) (a point raised incidentally in a brief and not argued therein is also deemed abandoned).

Pro se motions are to be liberally construed, giving effect to the pleading's content rather than the labels and forms used to articulate a defendant's arguments. *State v. Kelly*, 291 Kan. 563, 565, 244 P.3d 639 (2010). Appellate courts have unlimited review over the question of whether a district court correctly construed a pro se proceeding. 291 Kan. at 565.

Logan first claims the district court erroneously failed to construe his pro se motion to reconsider as a motion to file a notice of appeal out of time. Further, Logan urges this court to construe his motion as one obviously referring to his resentencing, not the denial of his petition for review.

Neither the record on appeal nor common sense supports Logan's interpretation of his first motion to file out of time. He failed to comply with K.S.A. 2014 Supp. 60-2103(b) and the district court is not a mind reader. It was not error for the district court to treat Logan's motion to reconsider as just that—a request to reconsider its denial of Logan's request to file a notice of appeal out of time based on the documents he submitted with the motion to reconsider. First, his initial motion to file a notice of appeal out of time did not refer to a specific judgment. However, his motion for reconsideration referred to errors by his appellate counsel from his direct appeal. Though Logan again failed to identify the adverse ruling, the logical inference to make from his motion for reconsideration would be that Logan wished to challenge the Supreme Court's denial of his petition for review, not his resentencing, as Logan now alleges on appeal. Courts do not engage in the business of speculation. If Logan wished to appeal his resentencing out of time, he needed to be specific.

Our standard of review of the district court's decision to deny a motion to alter or amend the judgment is an abuse of discretion. *Exploration Place, Inc. v. Midwest Drywall Co.*, 277 Kan. 898, 900, 89 P.3d 536 (2004). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 935, 296 P.3d 1106 (2013). In other words, a district court exceeds its discretion if no reasonable judicial officer would rule as the district court did under the circumstances, if it ignores controlling facts or relies on unproven factual representations, or if it acts outside the applicable legal framework. *Schoenholz v. Hinzman*, No. 110,388, 2014 WL 4627584, at *4 (Kan. App. 2014) (unpublished opinion) (citing *State v. Ward*, 292 Kan. 541, Syl. ¶ 3, 256 P.3d 801 [2011], *cert. denied* 132 S. Ct. 1594 [2012]), *rev. denied* ___ Kan. ___ (July 21, 2015).

In Kansas, motions to reconsider are generally treated as motions to alter or amend the judgment under K.S.A. 2014 Supp. 60-259(f). See *Exploration Place*, 277 Kan. at 900. Under K.S.A. 2014 Supp. 60-259(f), a defendant must file a "motion to alter or amend a judgment . . . no later than 28 days after the entry of judgment."

If we recall the timeline of Logan's postmandate motions to appeal, we find:

- Resentencing upon receipt of the mandate: March 16, 2012
- Motion to Appeal Out of Time: November 19, 2013 (roughly 20 months after resentencing)
- Order summarily denying motion: January 10, 2014
- Motion to reconsider: February 20, 2014 (41 days after the order was issued)
- Order Denying Motion: March 12, 2014
- Notice of Appeal: April 11, 2014 (30 days after the March 12, 2014, order and 91 days after the January 10, 2014, order was issued)

6

Because Logan filed his motion for reconsideration outside of the statutory time limit, the district court did not abuse its discretion in summarily denying that motion, and because Logan did not file a timely notice of appeal as to the January 10, 2014 order, that order is not properly before us. See K.S.A. 2014 Supp. 60-259(f). Additionally, neither of Logan's motions satisfy the requirement that a defendant include the order from which he intends to appeal. See K.S.A. 2014 Supp. 60-2103(b); Supreme Court Rule 2.02 (2014 Kan. Ct. R. Annot. 12); *State v. Hurla*, 274 Kan. 725, 727-30, 56 P.3d 252 (2002); *Gates v. Goodyear*, 37 Kan. App. 2d 623, 626-29, 155 P.3d 1196 (appeal dismissed when appellant's notice of appeal failed to specify judgment appealed from), *rev. denied* 284 Kan. 945 (2007). Therefore, the district court did not abuse its discretion by denying Logan's multiple motions to appeal out of time.

Finally, if we take Logan's motion to appeal out of time as a motion to appeal his resentence on March 16, 2012, to the 216 months' imprisonment he received, the record reflects it was a guideline sentence that was presumptive prison. At the time of resentencing, pursuant to the Kansas Sentencing Guidelines Act, the district court could have sentenced Logan to 206, 216, or 228 months' imprisonment and chose 216 months of imprisonment. The right to appeal is purely statutory, and the appellant must meet the statutory condition or this court has no jurisdiction. *State v. J.D.H.*, 48 Kan. App. 2d 454, 458, 294 P.3d 343, *rev. denied* 297 Kan. 1251 (2013). Logan's sentence was a presumptive guideline box sentence, and in accordance with the mandate from this court in case No. 103,926. K.S.A. 2014 Supp. 21-6820(c)(1) provides Logan with no right to appeal the imposition of a presumptive guideline sentence. See *State v. Sprung*, 294 Kan. 300, 317, 277 P.3d 1100 (2012) (a presumptive guideline sentence denies the appellate court jurisdiction.) When the record discloses a lack of jurisdiction, the appeal must be dismissed. *State v. Gill*, 287 Kan. 289, 294, 196 P.3d 369 (2008).

Affirmed in part and dismissed in part.