No. 99,937

STATE OF KANSAS, *Appellee*, v. ROLLAND G. BERRETH, *Appellant*.

(273 P.3d 752)

Opinion filed April 6, 2012.

*Michael P. Whalen*, of Law Office of Michael P. Whalen, of Wichita, argued the cause and was on the briefs for appellant.

*Jan L. Satterfield*, county attorney, argued the cause, and *Steve Six*, attorney general, was with her on the brief for appellee.

The opinion of the court was delivered by

NUSS, C.J.: This case requires us to consider appellate jurisdiction. Ten years after Rolland Berreth was convicted and sentenced for one count of aggravated kidnapping and three counts of aggravated criminal sodomy with a child under 14 years of age, he filed

a pro se motion to correct an illegal sentence under K.S.A. 22-3504. His appointed counsel later filed motions citing K.S.A. 60-1507, which expanded Berreth's pro se motion. All motions argued multiplicity. The district court ruled Berreth's aggravated kidnapping conviction was multiplicitous with the aggravated criminal sodomy convictions, reduced Berreth's aggravated kidnapping conviction to kidnapping, and therefore reduced his sentence.

The State filed its notice of appeal and docketing statement, each specifically describing the appeal as one taken upon a question reserved under K.S.A. 22-3602(b)(3). The Court of Appeals reversed the district court and ordered reinstatement of Berreth's original sentence. After the district court complied, Berreth appealed, and a different panel of the Court of Appeals affirmed.

We granted Berreth's petition for review under K.S.A. 20-3018 to reexamine the jurisdictional basis for the State's appeal and to examine the correctness of the Court of Appeals' rulings. Because we hold the Court of Appeals failed to properly treat the State's appeal as a question reserved, we reverse, remand, and order reinstatement of Berreth's reduced sentence.

## FACTS

The sometimes confusing events, and resultant arguments, are best understood when presented in the following detailed chronology:

1994: After a jury convicted Berreth of one count of aggravated kidnapping and three counts of aggravated criminal sodomy of a child under 14 years of age, the district court sentenced Berreth to 254 months' imprisonment with 24 months' postrelease supervision. The convictions and sentences were later affirmed on direct appeal. *State v. Berreth*, No. 73,929, unpublished opinion filed January 10, 1997.

May 25, 2004: In Berreth's original criminal action, 93 CR 354, he filed a pro se motion to correct an illegal sentence under K.S.A. 22-3504. He contended that his aggravated kidnapping conviction was multiplicitous with at least one of the three convictions of aggravated criminal sodomy. So he requested the aggravated kidnapping conviction be reduced to one for simple kidnapping, the orig-

inal sentence be vacated, and a reduced sentence be imposed for this less severe crime.

November 4, 2004: After Berreth was appointed counsel, his attorney filed a motion to correct sentence. Despite being submitted "pursuant to K.S.A. 60-1507," it too was filed in Berreth's original criminal action: 93 CR 354. This motion incorporated all the arguments and issues of Berreth's earlier pro se motion under K.S.A. 22-3504. But it now emphasized that Berreth's convictions of aggravated kidnapping and aggravated criminal sodomy were multiplicitous under *State v. Robbins*, 272 Kan. 158, 32 P.3d 171 (2001). It renewed his request to vacate the aggravated kidnapping sentence.

December 7, 2004: At the hearing on the defense motions, the judge was handed an amended motion to correct sentence submitted "pursuant to K.S.A. 60-1507." Although identified in the motion's body as an "Amended 60-1507," it too was filed in 93 CR 354. The amended motion repeated verbatim his counsel's November 4 arguments on multiplicity. So it appeared to have been filed primarily for counsel to elaborate on Berreth's second issue: while Berreth conceded his sentence was not illegal, he argued it was the result of partiality, oppression, and corrupt motive. Berreth's counsel argued for correction through a lower presumptive sentence on all four counts and asked that the judge "resentence for the illegal sentence of aggravated kidnapping to plain kidnapping."

January 14, 2005: After an apparent rescheduling, the State now filed its response in 93 CR 354 to the defendant's motion to correct sentence pursuant to K.S.A. 60-1507. It argued that Berreth was attempting an improper collateral attack, *e.g.*, a 60-1507 motion, on a multiplicity issue that should have been raised on direct appeal. It further argued that the 1507 motion was time barred. The State additionally argued that under *State v. Groves*, 278 Kan. 302, 95 P.3d 95 (2004), the convictions were not multiplicitous.

March 9, 2005: The district court filed its order and ruling on defendant's motion to correct sentence in 93 CR 354. After setting forth the chronology of the three defense motions, it declared that they were properly before the court. But it did not decide, or otherwise clarify, their procedural basis:

"Consistent with K.S.A. 22-3504, a motion to correct an illegal sentence may be made and ruled upon at any time. Further, fundamental fairness dictates that the defendant's original *pro se* motion be construed as one under K.S.A. 60-1507 (motion attacking sentence). *Whether the defendant's motion is construed as a K.S.A. 22-3504 motion, or is liberally construed as a motion under K.S.A. 60-1507, the Court will consider the issues raised by the Defendant.* The State's assertion that Mr. Berreth's original motion (if construed as a K.S.A. 60-1507 motion) is untimely is without merit, as Berreth filed his motion within one year of the statutory change to such statute. . . . As the Defendant's motion was filed less than one year from July 1, 2003, his motion was timely." (Emphasis added.)

The court agreed that Berreth's aggravated kidnapping conviction was multiplicitous with one of his aggravated criminal sodomy convictions under *State v. Robbins*, 272 Kan. 158. In retroactively applying the 2001 *Robbins* decision to Berreth's 1993 convictions, the court "noted that there is long-standing precedent supporting the vehicle of K.S.A. 60-1507 to be utilized to retroactively correct claims of duplicitous convictions, *e.g.*, *Jarrell v. State*, 212 Kan. 171, 510 P.2d 127 (1973)." Consequently, the court vacated the aggravated kidnapping conviction, replaced it with a conviction for the lesser offense of kidnapping, and set resentencing for simple kidnapping on March 29.

March 18, 2005: Before actual resentencing could occur, the State filed its notice of appeal in the district court, again in Berreth's criminal case: 93 CR 354. Its notice recited that "[o]n May 25, 2005, [*sic*] and by amendment on November 4 and December 7, 2004, the defendant filed a motion to correct his sentence under K.S.A. 60-1507 and 22-3504." Despite this two-pronged acknowledgment, the notice then expressed the State's apparent choice among three possible jurisdictional bases: "This appeal is pursuant to K.S.A. 22-3602(b)(3)." This statute allows the prosecution to take appeals to the Court of Appeals as a matter of right "upon a question reserved by the prosecution."

The State's notice further stated that Berreth's situation presented a question of "statewide interest important to the uniform administration of criminal law." More specifically, the notice suggested that Berreth's case demonstrated a conflict between *State v. Robbins* (the case the district court relied upon) and the case the State principally relied upon: *State v. Groves*. The State ex-

pressly requested the court's reconsideration of *Robbins* in light of *Groves*.

The notice did not cite, among other appellate jurisdictional bases, K.S.A. 60-1507(d). This statute allows "an appeal . . . as provided by law from the order entered on the motion as from a final judgment on application for a writ of habeas corpus."

March 29, 2005: Per the district court's prior scheduling, it resentenced Berreth. It decreased his term of imprisonment from 254 to 192 months and increased his postrelease supervision from 24 to 60 months. Before actual resentencing occurred, however, the prosecutor advised the court of the State's appeal and its exclusive "question reserved" basis:

"[T]he state has filed an appeal. *When I did research, however, aside from an interlocutory appeal, which this is not, the only basis for our appeal—which of course could be denied just because we haven't stated a sufficient basis for a prosecution appeal—is a question of reserve—of importance.* And that's also—there was no hearing at the time the court issued its written opinion, when it was taken under advisement. So I wasn't able to object to the court's ruling or make proper objections. That's also why I chose to file the notice of appeal after the order, *to make sure that I reserved the issue on appeal."* (Emphasis added.)

April 25, 2005: The State filed its docketing statement with the clerk of the appellate courts. Consistent with both the prosecutor's statement at the March 29 resentencing hearing and with the State's even earlier notice of appeal, the docketing statement provided under Paragraph 3, "Jurisdiction," that the "Statutory authority for appeal [is] Question reserved, K.S.A." And consistent with the State's notice of appeal, the statement provided under Paragraph 7, "Concise Statement of the issues proposed to be raised," that "[t]he Court should reconsider its opinion in *State v. Robbins* [, 272 Kan. 158, 32 P.3d 171 (2001),] based on *State v. Groves*, 278 Kan. 302, 95 P.3d 95 (2004)." Finally, just like the State's notice of appeal, its docketing statement bore the district court's criminal case number of 93 CR 354.

August 24, 2005: In the State's brief to the Court of Appeals 4 months later, it argued that Berreth's 1507 motion was untimely but conceded that "[i]t is unclear whether his [Berreth's] motions were actually pursuant to K.S.A. 22-3504 or 60-1507." No mention

was made, however, of the basis of appellate jurisdiction per a question reserved under K.S.A. 22-3602(b)(3). Instead, the State's brief concluded that "[t]he defendant's convictions should be reinstated. The district judge's decision of March 9, 2005, [finding multiplicity under *Robbins*] should be reversed and the original sentence [of 254 months] should be reimposed."

March 1, 2006: In Berreth's response brief to the Court of Appeals, no mention was made of the State's invocation of appellate jurisdiction per a question reserved under K.S.A. 22-3602(b)(3).

April 28, 2006: Approximately 2 months after Berreth's brief was filed, this court released its decision in *State v. Schoonover*, 281 Kan 453, 133 P.3d 48 (2006). There, we substantially revised our approach to analyzing multiplicity claims and essentially rejected *Robbins*—the case upon which the district court based its decision to vacate the aggravated kidnapping conviction and sentence on multiplicity grounds.

May 31, 2006: The Court of Appeals issued an order to show cause. More specifically, it ordered the parties to file a written response by June 19 explaining why, per the newly released *Schoonover* decision, the panel should not summarily reverse the district court and reinstate Berreth's conviction and sentence for aggravated kidnapping.

June 16, 2006: Before the parties' responses to the Court of Appeals' show cause order were due, this court released its decision in *State v. Edwards*, 281 Kan. 1334, 135 P.3d 1251 (2006). There, in syllabus paragraph 3, we held that "[a] claim that sentences are multiplicitous is not a claim that the sentences were imposed by a court without jurisdiction as is necessary to come within the narrow definition of illegal sentence under K.S.A. 22-3504(1)."

June 27, 2006: The Court of Appeals noted the filing of the parties' responses to its May 31 order to show cause. But it further ordered them to file supplemental briefs on three questions:

1. "Did the district court, and does this court, have jurisdiction pursuant to *State v. Edwards*, 281 Kan. 1334 (2006) (Multiplicity is not a claim that can be raised in a motion to correct an illegal sentence.)."

2. "Why *State v. Schoonover*, 281 Kan. 453, 133 P.2d 48 (2006), does not control."

3. "Why is this not an attempt at a second appeal and what exceptional circumstances [*e.g.*, per Supreme Court Rule 183 for motions under K.S.A. 60-1507] are present to justify allowing this challenge to appellant's conviction?"

August 1, 2006: In the State's supplemental brief, it argued that *Edwards* prohibited use of a motion to correct illegal sentence as a vehicle to challenge multiplicity. It further argued that *Schoonover* overruled *Robbins*. The supplemental brief, like the State's original, made no reference to appellate jurisdiction per a question reserved under K.S.A. 22-3602(b)(3). Rather, also like the State's original brief, it concluded that "[t]he defendant's collateral attacks should be denied and *the modification of his sentence reversed reinstating his original sentence.*" (Emphasis added.)

September 5, 2006: In Berreth's supplemental brief, he contended that under a case cited by the district court—*Jarrell v. State*, 212 Kan. 171, 510 P.2d 127 (1973),—his counsel's motion arguing multiplicity was raised in the proper procedural vehicle of K.S.A. 60-1507. Because *Edwards* only barred multiplicity claims raised in the procedural vehicle of a motion to correct illegal sentence, *Edwards* therefore did not bar relief. He further argued that his pro se motion's reference to correct an illegal sentence under K.S.A. 22-3504 should be liberally construed as a 1507 motion— presumably so he could survive *Edwards'* procedural bar.

On the merits, Berreth contended that while *Schoonover* overruled *Robbins*, it did not apply retroactively to his 1993 crimes. His supplemental brief concluded that the district court's resentencing order for simple kidnapping should be affirmed. As in his original brief, Berreth made no reference to appellate jurisdiction per a question reserved.

September 6, 2006: The day after Berreth filed his supplemental brief, he completed his reduced sentence of 192 months' incarceration and was released from custody to begin his increased post-release supervision of 60 months.

March 16, 2007: The Court of Appeals panel released its decision in *State v. Berreth*, No. 94,310, 2007 WL 806002 (Kan. App. 2007) (unpublished opinion) (*Berreth I*). The panel first held *Edwards* barred the use of a motion to correct an illegal sentence as a vehicle for raising a multiplicity claim. It observed, however, that

"the district court did not specifically state whether it was considering Berreth's motion as a motion to correct an illegal sentence under K.S.A. 22-3504(1) or as a K.S.A. 60-1507 motion." *Berreth I*, 2007 WL 806002, at *2. Nevertheless, it stated that Berreth's pro se pleadings were to be liberally construed, acknowledged that appointed counsel had filed a motion under 60-1507, and further acknowledged that Berreth argued that his motion should be liberally construed as a 1507 motion. It held that "Berreth's initial pro se motion to correct an illegal sentence *should have been construed* as a K.S.A. 60-1507 motion." (Emphasis added.) *Berreth I*, 2007 WL 806002, at *3. The panel ultimately cited the general appellate standard for reviewing a 60-1507 motion. It made no reference, however, to the only appellate jurisdictional basis the State had expressly asserted: a question reserved under K.S.A. 22-3602(b)(3).

Turning to the merits, the panel relied upon *Schoonover* to rule the district court erred in determining Berreth's convictions were multiplicitous and in resentencing. So it reversed and remanded the case to the district court "with directions to reinstate Berreth's original sentence [of 254 months], including the 24 months' postrelease supervision." *Berreth I*, 2007 WL 806002, at *5.

October 11, 2007: Because Berreth had been released from custody approximately 1 year earlier—during the pendency of the State's appeal—the State obtained a bench warrant for his arrest to comply with the Court of Appeals opinion.

October 18, 2007: After Berreth's arrest while on postrelease supervision, he filed in his original criminal case—93 CR 354—a five-page pro se motion to correct an illegal sentence pursuant to K.S.A. 22-3504(1). He essentially argued the mandated resentencing was illegal because the panel had no jurisdiction to order the district court to restore his original sentence. Among other things, he reminded everyone that the only appellate jurisdictional basis the State ever had expressly asserted was as a question reserved under K.S.A. 22-3602(b)(3), and therefore the panel's decision only "applies to future cases and not the case at hand."

November 1, 2007: At resentencing, the district court denied Berreth's motion. Per the panel's direction, the court resentenced

Berreth to his original sentence of 254 months' imprisonment with 24 months' postrelease supervision. Berreth was then again placed in the custody of the Department of Corrections.

September 2008: In Berreth's brief to the Court of Appeals, counsel elaborated on the arguments in Berreth's pro se motion:

1. The State expressly filed its notice of appeal solely under K.S.A. 22- 3602(b)(3),which meant the jurisdiction and accompanying rules of procedure were limited to a question reserved. And the Court of Appeals had erred in not recognizing the appeal was so limited.

2. Even if the panel had properly recognized that the exclusive basis for the appeal was a State's question reserved, it still erred in actually hearing—and in not simply dismissing—the matter because the question was not of statewide import, citing, *e.g.*, *State v. Tremble*, 279 Kan. 391, 109 P.3d 1188 (2005) (declining jurisdiction and dismissing State's appeal for this reason); *State v. Long*, 274 Kan. 1095, 58 P.3d 706 (2002) (same). More particularly, the panel never deemed the multiplicity issue to be of statewide import—as partly evidenced by its failure to publish its decision. Because this determination is an essential prerequisite to answering a question reserved, the panel had no jurisdiction over the State's appeal.

3. Even if jurisdiction existed as a question reserved and the matter was indeed of statewide import, a question reserved means that the panel's determinations can only operate prospectively and cannot affect Berreth, citing *e.g.*, *State v. Murry*, 271 Kan. 223, 21 P.3d 528 (2001).

October 2008: In the State's brief, its five pages of argument are devoted almost exclusively to discussing how it meets the caselaw requirements to proceed under a question reserved in K.S.A. 22-3602(b)(3). While it contended that the State's failure to cite the proper appellate statute is not a jurisdictional prerequisite—citing *State v. Grimes*, 229 Kan. 143, 622 P.2d 143 (1981), and *State v. Whorton*, 225 Kan. 251, 598 P.2d 610 (1979)—it also argued that its notice of appeal nevertheless was sufficient to establish a ques-

tion reserved, citing *State v. Mountjoy*, 257 Kan. 163, 891 P.2d 376 (1995). It also argued that the panel had been authorized to consider jurisdiction issues on its own initiative. The brief makes no reference to K.S.A. 60-1507(d).

May 15, 2009: The Court of Appeals rejected Berreth's argument. *State v. Berreth*, No. 99,937, 2009 WL 1393752, at *2 (Kan. App. 2009) (unpublished opinion) (*Berreth II*). Despite the State's notice of appeal requesting review solely under K.S.A. 22-3602(b)(3), the panel held that the State's designating its appeal as a question reserved did not deprive the panel of jurisdiction to order reimposition of the sentence.

The panel first observed that "[t]he law permitting appeals, K.S.A. 60-2103(b) and Supreme Court Rule 2.02 (2008 Kan. Ct. R. Annot. 9), [does not] require that the grounds for appeal be stated in the notice of appeal." It noted instead that the rules only required that the notice of appeal state the parties and the order being appealed—which it ruled were sufficiently contained in the State's notice. We independently note these sources state as follows:

> K.S.A. 60-2103(b) states in relevant part that "[t]he notice of appeal shall specify the parties taking the appeal; shall designate the judgment or part thereof appealed from, and shall name the appellate court to which the appeal is taken."

> Similarly, Rule 2.02 states that the notice of appeal shall be in substantially the following form: "Notice is hereby given that (specify the party or parties taking the appeal) appeal(s) from (designate the judgment or part thereof appealed from) to the Court of Appeals of the State of Kansas."

The *Berreth II* panel determined that the *Berreth I* panel had implicitly—and properly—treated the matter as a State appeal of a final judgment on a 60-1507 motion via the authority contained in K.S.A. 60-1507(d). *Berreth II*, 2009 WL 1393752, at *2. Subsection d provides that "[a]n appeal may be taken to the Court of Appeals from the order entered on the [1507] motion as in a civil case." See Supreme Court Rule 183(k) (2011 Kan. Ct. R. Annot. 259) (same); see also *Moll v. State*, 41 Kan. App. 2d 677, 682, 204

P.3d 659 (2009) (State may appeal an unfavorable disposition of a 60-1507 motion in the same manner as a final judgment in a civil proceeding). Accordingly, the *Berreth II* panel affirmed the *Berreth I* panel's decision and the district court's reimposition of the original sentence of 254 months' incarceration.

October 5, 2009: After approval by this court to file a pro se supplemental brief, Berreth filed a late one. He additionally argued that the *Berreth II* panel had violated his rights to receive due process and to be free from ex post facto and double jeopardy problems.

January 8, 2010: We granted Berreth's petition for review. Initially he had argued that grounds for jurisdiction not identified in a notice of appeal may not be considered by the court, citing *State v. Verge*, 272 Kan. 501, 521, 34 P.3d 449 (2001). Because K.S.A. 60-1507(d) had not been so cited, he contended the panel in *Berreth I* had no authority to consider the State's appeal on that basis. No supplemental briefs were filed by counsel.

October 28, 2010: At oral arguments before this court, the State conceded that it had not argued K.S.A. 60-1507(d) as the basis of appellate jurisdiction at the Court of Appeals but rather argued jurisdiction existed per K.S.A. 22-3602(b)(3) as a question reserved. When the State was specifically asked if it were requesting this court to give relief that it did not seek and did not argue at the Court of Appeals, the State answered affirmatively. It contended, however, that the panel had de novo review of the issues once the State had perfected its appeal. According to the State, the panel was correct in deciding jurisdiction *sua sponte* and correct in recognizing that 60-1507(d) was the better jurisdictional basis.

Additional facts will be added as necessary.

## ANALYSIS

Jurisdiction is a question of law over which we exercise unlimited review. *State v. Ballard*, 289 Kan. 1000, 1005, 218 P.3d 432 (2009); *Harsch v. Miller*, 288 Kan. 280, Syl. ¶ 1, 200 P.3d 467 (2009). To the extent this appeal involves statutory interpretation, we also exercise unlimited review. *Ballard*, 289 Kan. at 1010.

Issue 1: *The jurisdictional basis for the State's appeal was a question reserved.*

It is uncontroverted that the right to appeal is entirely statutory and that the limits of appellate jurisdiction are imposed by the legislature. *Harsch v. Miller*, 288 Kan. at 287 (Kansas appellate courts may exercise jurisdiction only under circumstances allowed by statute); *State v. Crozier*, 225 Kan. 120, 122, 587 P.2d 331 (1978) ("[I]n the absence of a statute which authorizes an appeal, an appeal is not available to the losing party in the district court.").

It is further uncontroverted that the State's statutory authority to appeal, when compared to the criminal defendant's, is very limited. "While the State only has limited appeal rights, a criminal defendant has a nearly unlimited right of review." *State v. Boyd*, 268 Kan. 600, 605-08, 999 P.2d 265 (2000); see also *State v. Walker*, 260 Kan. 803, 806, 926 P.2d 218 (1996) (noting that appeals by the State in criminal cases are tightly restricted by statute).

It is even further uncontroverted that the only statutory jurisdictional basis ever asserted by the State for its appeal of the district court's March 9, 2005, order essentially reducing Berreth's conviction for aggravated kidnapping to simple kidnapping was K.S.A. 22-3602(b)(3): a question reserved. Indeed, the prosecutor effectively conceded to this court at oral argument that K.S.A. 22-3602(b)(3), and not 60-1507(d), had been the State's only cited jurisdictional basis.

This candid concession is amply supported by the facts, *e.g.*, both by the explicit statutory citation in the State's original notice of appeal and the notice's express recitation of the essential prerequisite for an appellate court to answer a question reserved: a "question of statewide interest important to the uniform administration of criminal law." See *State v. Skolaut*, 286 Kan. 219, 225, 182 P.3d 1231 (2008) ("appellate courts will accept appeal of questions reserved when the issues are 'matters of statewide interest important to the correct and uniform administration of the criminal law and the interpretation of statutes' ").

The point was reinforced 5 weeks later by the State's docketing statement—which per Supreme Court Rule 2.041(b) (docketing

statement, criminal) (2011 Kan. Ct. R. Annot. 18) is "used by the court to determine jurisdiction." There, the State wrote only that jurisdiction existed under a "question reserved." Consistent with the predicate of answering a question reserved that it involve matters of statewide interest important to the correct and uniform administration of the criminal law, the State wrote: "The Court should reconsider its opinion in *State v. Robbins* based on *State v. Groves*, 278 Kan. 302, 95 P.3d 95 (2004)." And the prosecutor expressly stated that "a question reserved" was the "*only* basis for our appeal" at the district court's March 29, 2005, resentencing hearing. (Emphasis added.)

Indeed, many of the parties' other actions are simply inconsistent with K.S.A. 60-1507(d) as a jurisdictional basis. While Berreth properly filed his first pro se motion to correct an illegal sentence in his criminal case, 93 CR 354, his counsel twice filed purported 1507 motions under that case number. Counsel's failures to file them as independent civil matters were contrary to Supreme Court Rule 183(a) (2011 Kan. Ct. R. Annot. 259), which states:

"A motion challenging the validity of a sentence [under K.S.A. 60-1507] is an independent civil action which should be separately docketed, and the procedure before the trial court and on appeal to the Court of Appeals is governed by the Rules of Civil Procedure insofar as applicable."

See *State v. Thomas*, 239 Kan. 457, 459, 720 P.2d 1059 (1986) (60-1507 creates a new case, not a criminal case, and proceeding is in the nature of a civil action); *Hickson v. State*, 39 Kan. App. 2d 678, 680, 182 P.3d 1269 (2008) (same). Similarly, the State's notice of appeal in the district court, and its later docketing statement in the appellate courts, also incorrectly bore the criminal case number.

As an aside, we observe that after the State's filing of its April 25, 2005, docketing statement, it apparently was forgotten that the State was appealing solely on a question reserved. For example, both of the State's briefs in *Berreth I* asked for reimposition of the defendant's original, harsher sentence, which is generally inconsistent with an appeal of a question reserved. See, *e.g.*, *State v. Stallings*, 284 Kan. 741, 163 P.3d 1237 (2007); *State v. Roderick*, 259 Kan. 107, 116, 911 P.2d 159 (1996) (Questions reserved presup-

pose that the case at hand has concluded but that an answer to an issue of statewide importance is necessary for disposition of future cases.). In Berreth's pro se October 18, 2007, motion, he appears to be the first one to point out since the filing of the State's notice of appeal and its docketing statement 2 1/2 years earlier—and as confirmed by the prosecutor's statement at the March 2005 sentence reduction hearing—that the State had expressly appealed strictly on a question reserved.

Consequently, the question becomes whether the sole statutory jurisdictional basis asserted—and relied upon—by the State in its appeal can be changed to another ostensibly correct jurisdictional basis. This appears to be a question of first impression in Kansas. Under the circumstances of this case, and for the reasons expressed below, we answer this question "no."

*1. The State cannot change its elected statutory basis for appellate jurisdiction—at least without notification, if not formal amendment.*

We begin our analysis by observing that while the State's statutory rights to appeal are quite limited (see *State v. Boyd*, 268 Kan. at 605), the State has the ability to elect from these limited jurisdictional bases. In *State v. Muck*, 262 Kan. 459, 939 P.2d 896 (1997), this court acknowledged that the State could have appealed as a question reserved under K.S.A. 22-3602(b)(3), "but presumably chose 22-3602(b)(1) [dismissal of complaint] to pursue prosecution of Muck if the appeal is successful. *The alternative selected by the State* is appropriate." (Emphasis added.) 262 Kan. at 463. We described one rationale for the State's choices in *State v. Woodling*, 264 Kan. 684 , 687, 957 P.2d 398 (1998), where we summarized *Muck* as "recognizing that the State can *elect* to appeal under different subsections *in order to acquire different rights upon a successful appeal*." (Emphasis added.)

The differences in the rights acquired upon successful appeals when the State proceeds on a question reserved and when it proceeds on the dismissal of a complaint—as pointed out by the *Muck* court—are as dramatic as the differences in the rights acquired upon successful appeals when the State proceeds on a question

reserved and when it proceeds under K.S.A. 60-1507(d). Success-fully appealing a complaint dismissal under K.S.A. 22-3602(b)(1) allows the State to resume prosecution of a defendant. *Muck*, 262 Kan. at 463. Similarly, a successful State appeal under 60-1507(d) can negatively affect the defendant. Subsection (a) of K.S.A. 60-1507 allows the defendant to move the court to actually "vacate, set aside, or correct the sentence," but subsection (d) allows the State to appeal an unfavorable ruling on the motion like a final judgment in a civil proceeding. See Supreme Court Rule 183(k) (2011 Kan. Ct. R. Annot. 259); *Moll v. State*, 41 Kan. App. 2d 677, 682, 204 P.3d 659 (2009).

By contrast, as *Muck* intimates in its comparison to appeals of dismissal, the State's successful appeal on a question reserved does not affect the defendant in the underlying case. The court's decision typically operates only prospectively. See, *e.g.*, *State v. Roderick*, 259 Kan. 107. So when the State successfully appeals, its prior election of jurisdictional bases can have dramatic consequences for the defendant, or none at all.

With this background, we turn to examining whether the State can expand its elected, and repeatedly asserted, statutory basis for appellate jurisdiction—at least without notification, if not a formal amendment. Although caselaw is not directly on point, the answer appears to be "no" when examining the analogous case of *State v. Taylor*, 262 Kan. 471, 939 P.2d 904 (1997). There, the court observed that the State had appealed on a question reserved pursuant to K.S.A. 22-3602(b)(3). The court refused to allow an expansion of the "question reserved" basis to incorporate the State's argument that an illegal sentence could be raised at any time, apparently so that K.S.A. 22-3504 could serve as an appellate jurisdictional basis. The *Taylor* court held that "[a]lthough K.S.A. 22-3504 provides that the court may correct an illegal sentence at any time, *this does not relieve the State of its obligation to file an appeal pursuant to K.S.A. 22-3504 and raise the issue.*" (Emphasis added.) 262 Kan. at 475.

*Taylor* admittedly concerned a notice of appeal in a direct appeal to the Supreme Court, while Berreth's case involves an appeal to the Court of Appeals. And the requirements for reciting the stat-

utory grounds—under which the appeal should be permitted—in the notices of appeal to each court are different. As we explained in *State v. Hurla*, 274 Kan. 725, 56 P.3d 252 (2002), Supreme Court Rule 2.01 (2011 Kan. Ct. R. Annot. 9) requires assertion of a specific ground in the notice of appeal for direct appeals to the Supreme Court, but Rule 2.02 (2011 Kan. Ct. R. Annot. 9) does not so require for the Court of Appeals.

Nevertheless, there is a difference between (1) putting nothing in the notice of appeal to the Court of Appeals (which, per *Hurla*, an appellant need not do) and (2) as here, reciting the sole statutory basis the appellant specifically elected for appeal, *i.e.*, a question reserved. Once elected by the State, that information can conceivably be used by the appellate clerk and other court personnel—in conjunction with the docketing statement—to determine the existence, and resultant extent, of appellate jurisdiction. See Supreme Court Rule 2.041 (docketing statement is used by appellate courts "to determine jurisdiction"). Moreover, there must be some point in the appellate process with the Court of Appeals by which the appellant is required to expressly declare its elected basis for jurisdiction. This is particularly true when the appellant is the State because its mere election can determine whether the defendant will be affected by the court's decision. *Muck*, 262 Kan. 459.

In Berreth's case—except as a question reserved—the State has never asserted at any stage of the process any statutory appellate jurisdictional basis in other documents, *e.g.*, the docketing statement that is expressly used by the appellate courts "to determine jurisdiction." This inactivity contrasts with the State's actions in *State v. Craig*, 254 Kan. 575, 867 P.2d 1013 (1994). There, in an apparent direct appeal to the Supreme Court by the State, its notice of appeal's alleged jurisdictional basis was K.S.A. 22-3602(b)(1) (order dismissing complaint, information or indictment). But the court was "informed by the State's docketing statement . . . that the instant appeal is upon a question reserved by the prosecution." 254 Kan. at 576. In those circumstances, the court accepted the latter assertion; it considered the appeal as a question reserved and then denied the State's appeal.

The State has certainly made no effort to formally amend its elected statutory appellate jurisdictional basis in Berreth's case. The case of *State v. Kerby*, 259 Kan. 104, 105, 910 P.2d 836 (1996), provides some guidance. In *Kerby*, on a direct appeal to the Supreme Court which required recitation of the statutory appellate authority in the notice of appeal, the State "failed to amend" its incorrect basis in the notice. The court dismissed for lack of jurisdiction. As this court later described it, the *Kerby* court "dismiss[ed] the] case for lack of jurisdiction as [the] State had failed to amend [its] notice of appeal to reflect it was appealing under K.S.A. 22-3602(b) [question reserved] rather than K.S.A. 22-3603 [interlocutory appeal]." *State v. Woodling*, 264 Kan. at 687.

*Kerby*, unlike Berreth's case, admittedly concerned a defective notice of appeal in a direct appeal to the Supreme Court. But its rationale and holding are persuasive for documents submitted after the notice of appeal in the Court of Appeals, *e.g.*, the docketing statement. *Cf. State v. Craig*, 254 Kan. 575 (allowed docketing statement to change grounds asserted in State's notice of appeal). Here, the State's docketing statement contained the same jurisdictional election as its notice of appeal.

As part of the analysis above reveals, some caselaw interpreting our rules has characterized as jurisdictional a failure in the notice of appeal to the Supreme Court to correctly cite the statutory authority under which the appeal should be permitted. But instead of a characterization of the failure as jurisdictional, it might be considered procedural and therefore justify dismissal simply due to a substantial failure to follow the rules of this court. See, *e.g.*, Supreme Court Rule 5.05 (2010 Kan. Ct. R. Annot. 36) (appellate court may dismiss an appeal because of substantial failure to comply with court rules); *Crumpacker v. Crumpacker*, 239 Kan. 183, 184, 718 P.2d 295 (1986) (distinction between procedural requirements of rules which may be waived and jurisdictional requirements of statutes which may not be waived).

Regardless of how these appellate dismissals are characterized, this caselaw generally supports our decision in Berreth's case. Under the circumstances here, we conclude the State was unable to

expand its elected, and repeatedly asserted, statutory basis for jurisdiction in the Court of Appeals.

As for the dissent, it believes that the State's specific identification of its sole statutory jurisdictional basis—in both its notice of appeal and docketing statement—was of no consequence. For example, the dissent would strike the State's elected statutory basis in the notice of appeal as "superfluous." And it would hold that the State later "elected and sufficiently announced" a much different jurisdictional basis by its request for relief in its brief in *Berreth I*.

But this particular brief fails to identify any statutory jurisdictional basis for the State's appeal. As a result, the dissent apparently would obligate the appellate court to infer from the brief which of the potential statutory jurisdictional bases for appeal the State has possibly chosen. This shift in responsibility—from the appellant who should know to the appellate court that can only infer—is particularly problematic because different jurisdictional bases for the State can have widely different effects on a criminal defendant. See *Muck*, 262 Kan. 459 (different jurisdictional bases can have dramatic consequences for the defendant, or none at all). The dissent seemingly would then require the appellate court to determine whether the statutes it tried to infer from the State's brief would provide jurisdiction under the facts of the case.

Equally important, the dissent's position has never been argued by the State. From at least the time of remand by the Court of Appeals in *Berreth I*, the State clearly has been on notice of Berreth's principal argument: The only appellate jurisdictional basis the State ever had asserted was as a question reserved. Despite this clear opportunity for the State to dispute Berreth's assertion, it did not. And the State certainly has never contended that the brief it wrote in *Berreth I* asserted any jurisdictional basis other than the one stated in its notice of appeal and docketing statement. Instead, it has clung to the position it has consistently taken throughout the case. The State's brief to the Court of Appeals in *Berreth II*—and to this court—clearly and almost exclusively contends that the State's notice of appeal sufficiently articulated a question reserved under K.S.A. 22-3602(b)(3) and that the appro-

priate standards for such an appeal have been met. It suggests in the alternative that the panel *sua sponte* had the authority to change the State's elected basis in its notice of appeal and docketing statement.

Indeed, at oral argument before this court, the State conceded that it had not argued K.S.A. 60-1507(d) as the basis of appellate jurisdiction at the Court of Appeals. Rather, it argued jurisdiction existed solely per K.S.A. 22-3602(b)(3). When the State was specifically asked if it was requesting this court to give relief that it did not seek and did not argue at the Court of Appeals, the State answered affirmatively. It then repeated the alternative argument suggested in its brief: that the panel was correct in deciding jurisdiction *sua sponte*. It also argued the panel was correct in recognizing that 60-1507(d) was the better jurisdictional basis. In short, the State itself agrees that the panel changed the State's elected basis for appeal. According to the State, it did not express, in any brief it wrote, a basis different than the one it first elected. As a result, the State is not, as the dissent suggests, erasing or eviscerating its own *Berreth I* jurisdictional argument with the jurisdictional argument contained in its *Berreth II* brief.

2. *The Court of Appeals cannot sua sponte change the State's election of its statutory basis for appellate jurisdiction.*

The State specifically contended at oral argument that appellate courts not only have the right to *sua sponte* raise the issue of jurisdiction but also the right to *sua sponte* select the best jurisdictional basis for an appeal despite the State's earlier explicit election of another. We agree that appellate courts have a duty to question jurisdiction on their own initiative. See *State v. Gill*, 287 Kan. 289, 196 P.3d 369 (2008). We disagree, however, with the remainder of the State's proposition. This court's recent trend has been to hold the State to its jurisdictional election.

The case of *State v. Verge*, 272 Kan. 501, 34 P.3d 449 (2001), is illustrative. There, this court held that the State's notice of appeal contained a jurisdictional deficiency. Instead of asserting a question reserved under K.S.A. 22-3602(b)(3), the State incorrectly asserted the general statute of K.S.A. 22-3601(b)(1), which "only expresses

what appeals are to be taken to the Kansas Supreme Court and provides no statutory authority for the appeal taken by the prosecution in this case." 272 Kan. at 521. The court quoted *State v. Woodling*, 264 Kan. 684, Syl. ¶ 2: "Grounds for jurisdiction not identified in a notice of appeal may not be considered by the court." The *Verge* court then concluded it had no jurisdiction to consider the State's cross-appeal. It was therefore dismissed. Most important to the State's specific contention at oral argument to this court in Berreth's case, the *Verge* court did not *sua sponte* supply a jurisdictional basis different from the one elected by the State.

Three years before *Verge*, the *Woodling* court had held that the State could not claim that jurisdiction existed on the ground it was arguing—K.S.A. 22-3602(b)(1) (dismissal of complaint)—because this ground was not identified in the notice of appeal. The State's notice instead asserted the grounds of an order arresting judgment (22-3602[b][2]) or a question reserved (22-3602[b][3]). *Woodling* in turn cited the 1996 opinion in *State v. Kerby*, 259 Kan. 104. As mentioned earlier, the *Kerby* court "dismiss[ed the] case for lack of jurisdiction as [the] State had failed to amend [its] notice of appeal to reflect it was appealing under K.S.A. 22-3602(b) rather than K.S.A. 22-3603." *Woodling*, 264 Kan. at 687. Most important to the State's specific assertion at oral argument in Berreth's case, the *Woodling* court did not *sua sponte* provide a jurisdictional basis different from the one elected by the State so the appeal could be saved.

Cut from the same basic cloth is *State v. G.W.A.*, 258 Kan. 703, 705-07, 906 P.2d 657 (1995). In *G.W.A.*, we dismissed the State's appeal for lack of jurisdiction because its notice of appeal cited only the general statute, K.S.A. 22-3602—not its subsection (b)(3)—to claim a question reserved. We stated:

"Here, the State's notice of appeal referred solely to an appeal from the judgment of acquittal. It contained no general reference which could be liberally construed to include an appeal on a question reserved. . . . The notice of appeal was limited and specific and cannot be read to include an appeal on a question reserved. . . . We are unpersuaded by the State's argument that its mention of K.S.A. 1994 Supp. 22-3602 in the notice of appeal gives the court jurisdiction." 258 Kan. at 707.

In dismissing, we obviously did not *sua sponte* supply a jurisdictional basis different from the one elected by the State in order to save the appeal. The same is true for *State v. Taylor*, 262 Kan. 471, 939 P.2d 904 (1997), which as previously mentioned we dismissed because of the State's failure to elect the proper appellate statutory jurisdictional basis.

Admittedly, *Verge, Woodling, Taylor, Kerby*, and *G.W.A.* are all direct appeals to the Supreme Court. By Supreme Court Rule 2.01 their notices of appeal are required to state the ground on which the appeal is allegedly permitted, including citation of statutory authority. By contrast, Berreth's case is an appeal to the Court of Appeals and by Rule 2.02 such notices of appeal are not required to so state (see *Hurla*, 274 Kan. 725). Nevertheless, these recent cases demonstrate that this court has been strict with the State on asserting jurisdictional bases. And whether the appeal dismissals are characterized as definitely jurisdictional, or possibly procedural for failure to follow court rules, we clearly have not *sua sponte* supplied appellate bases in addition to, or in place of, those cited by the State.

In earlier years, however, this court apparently took a more lenient approach. In *State v. Martin*, 232 Kan. 778, 658 P.2d 1024 (1983), the State appealed the trial court's decision under K.S.A. 22-3603. The *Martin* court held this statute could not be utilized as the basis for appeal because none of the appealable orders enumerated in it were made by the trial court. Nevertheless, the court *sua sponte* considered the appeal as a question reserved under 22-3602(b)(3) and sustained the appeal. It expressly held that "the failure to cite the proper appellate statute [is not] a jurisdictional prerequisite," citing *State v. Grimes*, 229 Kan. 143, 622 P.2d 143 (1981), and *State v. Whorton*, 225 Kan. 251, 589 P.2d 610 (1979). 232 Kan. at 780.

Seven years later in *State v. Harpool*, 246 Kan. 226, 788 P.2d 281 (1990), the State took an interlocutory appeal under K.S.A. 22-3602. In the court's more lenient posture, it held: "This is not properly an interlocutory appeal *but is clearly meant to be an appeal on a question reserved by the State, K.S.A. 22-3602(b)(3), as stated orally by the prosecutor in argument at the sentencing hear-*

*ing."* (Emphasis added.) 246 Kan. at 227. The *Harpool* court *sua sponte* declared it had jurisdiction to hear the case as a question reserved, citing *State v. Martin.* The 22-year-old *Harpool* case appears to be the last time this court gave such a full assist to the State on this issue. *Cf. State v. Craig,* 254 Kan. 575 (allowed State's docketing statement to change grounds asserted in notice of appeal).

The *Whorton* decision of 1979, cited by the court in *Martin* and by the State in Berreth's case, supports the general proposition that the State's failure to designate the proper statutory jurisdictional basis does not doom its appeal. Although the text is not clear, *Whorton* apparently involved an undesignated jurisdictional basis by the State. This court did not simply dismiss the appeal as in *Verge* 22 years later. But it analyzed whether the appeal was proper under K.S.A. 22-3602(b) as a question reserved or as an order of dismissal—or improper as an unappealable order of acquittal under *State v. Crozier,* 225 Kan. 120, 587 P.2d 331 (1978).

The *Grimes* decision of 1981, also cited by the court in *Martin* and by the State in Berreth's case, is of less support to the State than *Whorton.* In *Grimes,* the State appealed the district court's grant of defendant's motion for new trial and argued it was a question reserved under K.S.A. 22-3602(b)(3). The court held that because the order was issued before the case terminated, the appeal was interlocutory. But this particular type of order was not authorized as a basis for an interlocutory appeal under K.S.A. 22-3603. And under caselaw the State could not use 22-3602(b)(3) as a form of interlocutory appeal but only for cases that had been terminated.

In addition to citing our 20-year trend to hold the State to its own jurisdictional election, another reason exists to prohibit the appellate courts from unilaterally altering a declared jurisdictional basis for appeal. Specifically, assisting the State with its jurisdictional designation in criminal appeals is inconsistent with our acknowledgment that the legislature tightly restricts the State's statutory rights to appeal. *State v. Walker,* 260 Kan. 803, 806, 926 P.2d 218 (1996) (appeals by the State in criminal cases are tightly restricted by statute); see *State v. Boyd,* 268 Kan. 600, 605, 999 P.2d

265 (2000) ("While the State only has limited appeal rights, a criminal defendant has a nearly unlimited right of review."); *City of Lyons v. Wellman*, 56 Kan. 285, 43 P. 267 (1896) ("the right of the State to appeal in criminal cases is quite limited").

3. *A defendant has no authority to change the appellate jurisdictional basis elected by the State.*

In *Berreth I*, defendant's counsel asked the Court of Appeals panel to construe the defense motions as being filed under K.S.A. 60-1507. This request was apparently made to avoid the effect of our recent decision in *State v. Edwards*, 281 Kan. 1334, 135 P.3d 1251 (2006). That decision held that motions to correct illegal sentences under K.S.A. 22-3504(1) were inappropriate vehicles to argue multiplicity of convictions. But a criminal defendant has no statutory authority to change the appellate jurisdictional basis elected by the State. See *State v. Muck*, 262 Kan. 459, 463, 939 P.2d 896 (1997) (State chose between appeal on a question reserved and appeal of dismissal of complaint); *cf. State v. Mountjoy*, 257 Kan. 163, 167, 891 P.2d 376 (1995) ("When the prosecution appeals on a question reserved, the defendant has no statutory right to expand the question reserved by the prosecution.").

Issue 2: *Appellate courts do not answer questions reserved unless the matter is of statewide importance.*

Now that we have established the State's elected appellate jurisdictional basis was a question reserved under K.S.A. 22-3602(b)(3), we proceed to the next step of our analysis. More particularly, did the State's appeal actually qualify throughout as a question reserved? We answer this question "no."

We have repeatedly stated that to be considered on appeal, questions reserved by the prosecution must be issues of statewide interest important to the correct and uniform administration of criminal law. Questions reserved by the State in a criminal prosecution will not be entertained on appeal merely to determine whether error has been committed by the trial court in its rulings adverse to the State. *State v. Adee*, 241 Kan. 825, 826, 740 P.2d 611 (1987); *State v. Willcox*, 240 Kan. 310, Syl. ¶ 1, 729 P.2d 451 (1986); *State*

*v. Holland*, 236 Kan. 840, Syl. ¶ 1, 696 P.2d 401 (1985); *State v. Glaze*, 200 Kan. 324, Syl. ¶ 1, 436 P.2d 377 (1968). We have uniformly declined to entertain questions reserved, the resolution of which would not provide helpful precedent. *State v. Hudon*, 243 Kan. 725, 726, 763 P.2d 611 (1988); *State v. Holland*, 236 Kan. at 841. *Mountjoy*, 257 Kan. at 167-68.

Here, the State's repeatedly given reason for seeking appeal of the district court's order declaring the convictions multiplicitous was to seek clarification regarding *Robbins* and *Groves*: The court should reconsider *Robbins* in light of *Groves*. While Berreth's case was on appeal, this court provided that requested clarification in *State v. Schoonover*, 281 Kan. 453, 133 P.3d 48 (2006). As the Court of Appeals in *Berreth I* was to hold, "it appears the district court's reliance on *Robbins* no longer stands up under *Schoonover's* analysis." *Berreth I*, 2007 WL 806002, at *5. The panel ruled *Schoonover* controlled and the district court erred in determining Berreth's convictions were multiplicitous and in resentencing. But this determination could have been made after the panel's receipt of the parties' responses to Question Two in its show cause order, *i.e.*, "Why *State v. Schoonover* does not control." And if not then, it could have been made after oral arguments.

It is unlikely a written judicial opinion was required on this issue. The State's appeal of this issue could easily have been dismissed because "the resolution of the question would not provide helpful precedent." *State v. Skolaut*, 286 Kan. 219, 225, 182 P.3d 1231 (2008) (appellate courts will not accept appeal of questions reserved in cases "in which the resolution of the question would not provide helpful precedent.").

More to the point are several Court of Appeals opinions. One panel has specifically held that on a question reserved, if an issue on appeal is no longer of statewide importance because the court has already addressed it in prior case, the appeal should be dismissed. *In re E.F.*, 41 Kan. App. 2d 860, 861-62, 205 P.3d 787 (2009). See also *State v. Sanderson*, No. 104,052, 2011 WL 1377073, at *2 (Kan. App. 2011) (unpublished opinion) ("Because clear precedent has already been established . . . we decline jurisdiction on the question reserved by the State and, accordingly,

dismiss the appeal."); *State v. Hudson*, No. 103,360, 2011 WL 1344730, at *3 (Kan. App. 2011) (unpublished opinion) (dismissing appeal because the "legal authority cited by the State only serves to indicate that the question reserved by the prosecution in this appeal has already been addressed by Kansas courts").

Issue 3: *An appellate court answer to the State's question reserved does not affect Berreth.*

We hold that (1) the State's elected appellate jurisdictional basis was solely a question reserved, (2) *State v. Schoonover* meant the State's question reserved was no longer of statewide interest, and (3) the State's appeal therefore could have simply been dismissed. As a result, we need not address further panel error. The matter is resolved. Nevertheless, we take this opportunity to clarify Kansas caselaw on the effect on a criminal defendant when an appellate court answers the State's question reserved in his or her case.

To state it clearly and simply, an appellate court's answer to a State's question reserved has no effect on the criminal defendant in the underlying case. See, *e.g., State v. Stallings*, 284 Kan. 741, 163 P.3d 1232 (2007) (on question reserved in a case involving defendant's conviction of five counts of capital murder, held trial court erred in allowing defendant to address the sentencing jury on punishment mitigation; jury then could not agree on death penalty so court sentenced to five consecutive hard-50 life sentences on capital murder convictions; rather than reverse and remand, State's appeal simply sustained); *State v. Murry*, 271 Kan. 223, 21 P.3d 528 (2001) (on question reserved, held trial court erred in ruling defendant's blood sample was taken in violation of his Fourth Amendment rights; rather than reverse and remand, State's appeal simply sustained); *State v. Johnson*, 32 Kan. App. 2d 619, 86 P.3d 551 (2004) (State appealed as question reserved whether defense counsel can call witness liar; held trial court erred in overruling State's objection and State's appeal simply sustained, *i.e.,* without reversal and remand).

The rationale for this rule appears to be stated as follows:

" 'An appeal on a question reserved is permitted to provide an answer which will aid in the correct and uniform administration of the criminal law. This court

will not entertain a question reserved merely to demonstrate errors of a trial court in rulings adverse to the State. Questions reserved presuppose that the case at hand has concluded *but that an answer to an issue of statewide importance is necessary for disposition of future cases.' City of Wichita v. Basgall,* 257 Kan. 631, Syl. ¶ 1, 894 P.2d 876 (1995)." (Emphasis added.) *State v. Roderick,* 259 Kan. 107, 108, 911 P.2d 159 (1996).

See *State v. Ruff,* 252 Kan. 625, 630, 847 P.2d 1258 (1993) ("questions reserved presuppose that the case at hand has concluded but than an answer is necessary for proper disposition of future cases which may arise"); *State v. Puckett,* 227 Kan. 911, 610 P.2d 637 (1980); *State v. Reed,* 145 Kan. 459, 65 P.2d 1083 (1937). The question reserved is akin to a purely academic question in the case in which it arrives on appeal.

Some of our opinions, however, have appeared to stray from this purely academic path, particularly on sentencing issues. See, *e.g.,* *State v. Reason,* 263 Kan. 405, 951 P.2d 538 (1997) ("Although remands are infrequent on questions reserved under K.S.A. 22-3602[b][3], we have remanded to correct an illegal sentence, or to correct other district court action concerning sentencing, when the matter is not moot"); *State v. Taylor,* 262 Kan. 471, 480, 939 P.2d 904 (1997) (sustained State's appeal on question reserved and remanded for resentencing of defendant using increased criminal history score); *State v. Miller,* 260 Kan. 892, 904, 926 P.2d 652 (1996) (on question reserved for defendant Douglas, State's appeal was sustained, the modified sentence was vacated, and case remanded for reinstatement of the original harsher sentence); *City of Wichita v. Lucero,* 255 Kan. 437, 874 P.2d 1144 (1994) (on question reserved, after reversing district court's decision that ordinance was unconstitutional and violated defendant's rights, case remanded with directions to resentence defendant); *State v. Harpool,* 246 Kan. 226, 227, 788 P.2d 281 (1990) (after determining appeal was not an interlocutory appeal as State asserted but "is clearly meant to be an appeal on a question reserved," court reversed and remanded for imposition of a lawful, longer sentence upon defendant); see also *State v. Meredith,* 236 Kan. 866, 696 P.2d 403 (1985) (holding on a question reserved that the in-patient alcohol treatment received by defendant did not satisfy K.S.A. 1983

Supp. 8-1567(d)'s requirement that second time DUI offenders spend 5 days in prison; reversed and remanded for resentencing); *State v. Ashley*, 236 Kan. 551, 693 P.2d 1168 (1985) (holding on a question reserved that the district court erred in imposing concurrent sentences and reversed and remanded for resentencing).

We reemphasize our rule to keep future courts from straying from it. An appellate court's answer to a question reserved by the State has no effect on the criminal defendant in the underlying case.

Before closing, it should be noted that the State had recourse in Berreth's case. Instead of choosing to appeal the multiplicity order of March 9, 2005, as a question reserved, it could have chosen to appeal under K.S.A. 22-3504 on the basis that Berreth's pro se motion to correct illegal sentence should not have been granted. See *State v. Taylor*, 262 Kan. 471. Or as the panel inferred for the State, the State could have chosen to appeal under K.S.A. 60-1507(d) on the basis that Berreth's purported 1507 motions should not have been granted. Under either statute, Berreth's sentence could have been affected by a successful State appeal. See *Moll v. State*, 41 Kan. App. 2d 677, 204 P.3d 659 (2009) (State may seek reversal of an unfavorable 1507 ruling); *cf. State v. McCarley*, 287 Kan. 167, 195 P.3d 230 (2008) (State filed motion to correct illegal sentence; after trial court denial of motion, Supreme Court held sentence was illegal and reversed and remanded for imposition of correct, harsher sentence).

## CONCLUSION

The Court of Appeals panels in both *Berreth I* and *Berreth II* failed to properly treat the State's appeal as a question reserved as the State had elected. And had such a treatment occurred, any decisions on a question reserved would not affect Berreth. The decision of the panel in *Berreth II*, which is before us on Berreth's direct appeal of that decision, is therefore reversed.

We denied Berreth's petition to review the panel's decision in *Berreth I*. But as a practical matter *Berreth I* cannot stand given today's reversal of the *Berreth II* decision—which had essentially

affirmed both the rationale and holding of *Berreth I*. Indeed, the *Berreth II* court stated that defendant:

"contends that in a prior appeal of this case by the State, we had no authority to order the district court to reimpose his original sentence. In his view, the case has no statewide importance and therefore we should not have entertained the State's appeal. . . . We hold the State did not deprive this court of jurisdiction by calling the matter in its notice of appeal a question reserved. We affirm Berreth's sentence." 2009 WL 1393752, at *1.

Consequently, the decision in *Berreth I* is vacated. See K.S.A. 60-2101(b) (Supreme Court shall have jurisdiction to vacate any judgment of Court of Appeals to assure it is just, legal, and free of abuse). As a result, the case is remanded to the district court with instructions to reimpose the sentence it originally imposed on March 29, 2005.

MERLIN G. WHEELER, D.J., assigned▌

LUCKERT, J., dissenting: I respectfully disagree with the majority opinion. No statute or rule requires an appellant to state the jurisdictional basis for an appeal to the Court of Appeals when filing a notice of appeal. Consequently, I would hold that the State elected and sufficiently announced the jurisdictional basis for the relief it sought by clearly requesting the relief in its initial brief to the Court of Appeals in *State v. Berreth*, No. 94,310, 2007 WL 806002 (Kan. App. 2007) (unpublished opinion) (*Berreth I*).

*Divergent Lines of Cases*

The issue in this appeal has been addressed in several cases, and two divergent lines of cases have developed. In the line of cases adopted by the majority, this court has held that an appellant must cite a statutory basis for jurisdiction in a notice of appeal and is bound by that statement unless there is a formal amendment. *E.g.*, *State v. Verge*, 272 Kan. 501, 521, 34 P.3d 449 (2001) (" 'Grounds for jurisdiction not identified in a notice of appeal may not be

considered by the court.' "); *State v. Woodling*, 264 Kan. 684, Syl. ¶ 2, 957 P.2d 398 (1998) (same); *State v. Kerby*, 259 Kan. 104, 106, 910 P.2d 836 (1996) (failure to cite statute giving Supreme Court jurisdictional basis in notice of appeal or to timely amend the notice of appeal deprived court of jurisdiction); *State v. G.W.A.*, 258 Kan. 703, 705-07, 906 P.2d 657 (1995) ("State must also lay a foundation for its own appeal by filing a notice of appeal which gives the appellate court jurisdiction to hear the appeal.").

Yet, as the majority points out, these decisions are contrary to an earlier line of decisions. See *State v. Harpool*, 246 Kan. 226, 788 P.2d 281 (1990); *State v. Martin*, 232 Kan. 778, 658 P.2d 1024 (1983); *State v. Grimes*, 229 Kan. 143, 622 P.2d 143 (1981); *State v. Whorton*, 225 Kan. 251, 589 P.2d 610 (1979). The majority dismisses these earlier cases, but I am not willing to do so because I find the analysis in *Verge*, *Woodling*, *Kerby*, and *G.W.A.* to be faulty, as those decisions do not cite any constitutional or statutory authority for the requirement that a notice of appeal must state the statutory grounds for jurisdiction over the appeal. The lack of cited authority is not surprising because there is no such constitutional or statutory requirement, and this lack of a constitutional or statutory source undermines the requirement created by the holdings of these cases. An examination of the basis for appellate jurisdiction explains this conclusion.

This court's jurisdiction derives from Article 3, § 3 of the Kansas Constitution, which states that the Kansas Supreme Court will have "such appellate jurisdiction as may be provided by law." There is not a similar constitutional provision relating to the Kansas Court of Appeals, but K.S.A. 20-3001 provides that "[t]he court of appeals shall have such jurisdiction over appeals in civil and criminal cases and from administrative bodies and officers of the state as may be prescribed by law." These provisions have been consistently interpreted to mean " 'that appellate jurisdiction is defined by statute.' [Citation omitted.]" *State v. Ellmaker*, 289 Kan. 1132, 1148, 221 P.3d 1105 (2009), *cert. denied* 560 U.S. 966 (2010).

Under the relevant statutes, appellate jurisdiction is triggered by the timely filing of a notice of appeal. See *Albright v. State*, 292 Kan. 193, 197, 251 P.3d 52 (2011). K.S.A. 60-2103(b) defines the

contents of a notice of appeal in both civil and criminal cases. See K.S.A. 22-3606 ("the statutes and rules governing procedure on appeals to an appellate court in civil cases," apply to criminal appeals whenever there is not a specific criminal statute or court rule).

K.S.A. 60-2103(b) states in part: "The notice of appeal shall specify the parties taking the appeal; shall designate the judgment or part thereof appealed from, and shall name the appellate court to which the appeal is taken." There is no requirement that the statutory grounds for the appeal or the jurisdictional basis be cited.

Without a constitutional or statutory basis for a requirement that a notice of appeal include a citation to the statute giving the court jurisdiction, the *Verge, Woodling, Kerby,* and *G.W.A.* courts imposed this requirement by extrapolating from the requirement in K.S.A. 60-2103(b) that "[t]he notice of appeal . . . shall designate the judgment or part thereof appealed from." The earliest of these cases, *G.W.A.,* 258 Kan. at 705-07, supported its holding by citing *Hess v. St. Francis Regional Med. Center,* 254 Kan. 715, 718, 869 P.2d 598 (1994) ("It is a fundamental proposition of Kansas appellate procedure that an appellate court obtains jurisdiction *over the rulings* identified in the notice of appeal." [Emphasis added.]), *Anderson v. Scheffler,* 242 Kan. 857, 860-61, 752 P.2d 667 (1988) (court lacked jurisdiction to consider summary judgment ruling not identified in notice of appeal), and *State v. Grant,* 19 Kan. App. 2d 686, 875 P.2d 986, *rev. denied* 255 Kan. 1005 (1994) (finding the Court of Appeals did not have jurisdiction to address a *ruling* which was not included in the notice of appeal). Even though each of these decisions focused on K.S.A. 60-2103(b)'s requirement that the notice of appeal identify the judgment being appealed, the *G.W.A.* court extended the court's reasoning to create a nonstatutory requirement—a statutory citation for the jurisdictional basis of the appeal. But the *G.W.A.* court did not provide a doctrinal basis for imposing a court-made requirement or for making that nonstatutory requirement jurisdictional.

Under our well-established caselaw holding that appellate jurisdiction is defined by statute, the *G.W.A.* court did not have authority to impose a nonstatutory jurisdictional requirement. Yet,

this faulty reasoning in *G.W.A.* is relied upon as the basis for the holdings in *Verge*, 272 Kan. at 521-22, *Woodling*, 264 Kan. at 687, and *Kerby*, 259 Kan. at 106. Because of this faulty reasoning, I reject the majority's reliance on these cases. Granted, the majority stops short of adopting the jurisdictional rationale of *Verge, Woodling, Kerby*, and *G.W.A.* Nevertheless, the holdings in these cases cannot be divorced from this faulting reasoning, and the majority's rationale depends on these cases.

The majority attempts to find a substitute rationale by concluding that Supreme Court Rule 2.01 (2011 Kan. Ct. R. Annot. 9) imposes a procedural requirement that an appellant cite the statutory jurisdictional basis. As I will explain, I disagree with this conclusion because Rule 2.01 only requires a statutory citation to a statute that authorizes filing an appeal *directly* with the Kansas Supreme Court and because this requirement is not jurisdictional or binding.

*Supreme Court Rule 2.01*

Rule 2.01 (2011 Kan. Ct. R. Annot. 9) states:

"When an appeal is permitted *directly* to the Supreme Court, the notice of appeal shall be filed in the district court, shall be under the caption of the case in the district court and in substantially the following form:

"NOTICE OF APPEAL

"Notice is hereby given that (specify the party or parties taking the appeal) appeal(s) from (designate the judgment or part thereof appealed from) to the Supreme Court of the State of Kansas.

"The appeal hereby taken is *directly* to the Supreme Court on the ground that (state ground on which *direct appeal* is considered to be permitted, including citation of statutory authority)." (Emphasis added.)

The first sentence of the suggested form parallels the requirements of K.S.A. 60-2103(b), requiring a specification of the parties taking the appeal and a designation of the judgment or part thereof appealed from. The second sentence requests information not required by K.S.A. 60-2103(b), *i.e.*, the legal basis for taking an appeal directly to the Kansas Supreme Court.

It appears that the purpose for asking for a citation to a statute that allows a direct appeal to the Supreme Court is to discern whether the appeal is correctly filed with the Supreme Court rather

than the Court of Appeals. This purpose is made evident by comparing Rule 2.01 with Supreme Court Rule 2.02 (2011 Kan. Ct. R. Annot. 9), which includes a form for a notice of appeal for those appeals that will be docketed with the Court of Appeals. The form provided for in Rule 2.02 is one sentence in length, providing: "Notice is hereby given that (specify the party or parties taking the appeal) appeal(s) from (designate the judgment or part thereof appealed from) to the Court of Appeals of the State of Kansas." (2011 Kan. Ct. R. Annot. 10.) This sentence is identical to the first sentence in the Rule 2.01 form; as a result, both forms incorporate the K.S.A. 60-2103(b) requirements. But Rule 2.02 does not include the second sentence of Rule 2.01. As a result, an appellant need not justify taking an appeal directly to the Court of Appeals.

This distinction flows from the statutes that distinguish the jurisdiction between the two courts by providing that the Court of Appeals will hear all appeals that cannot be taken directly to the Kansas Supreme Court. See, *e.g.*, K.S.A. 22-3601(a) ("Any appeal permitted to be taken from a final judgment of a district court in a criminal case shall be taken to the court of appeals, except in those cases reviewable by law in the district court and those cases where a direct appeal to the supreme court is required."); K.S.A. 60-2101(a) ("The court of appeals shall have jurisdiction to hear appeals from district courts, except in those cases reviewable by law in the district court and in those cases where a direct appeal to the supreme court is required by law.").

The starting point for distinguishing the appeals that must be filed in the Court of Appeals from the appeals that may be brought directly to the Supreme Court is K.S.A. 60-2101(b), which states in part:

"An appeal from a final judgment of a district court in any civil action in which a statute of this state or of the United States has been held unconstitutional shall be taken directly to the supreme court. Direct appeals from the district court to the supreme court in criminal cases shall be as prescribed by K.S.A. 22-3601 and 22-3602, and amendments thereto."

In the present case, the State's notice of appeal cited to K.S.A. 22-3602(b), which begins with the following words: "Appeals to the *court of appeals* may be taken by the prosecution." (Emphasis

added.) Obviously, K.S.A. 22-3602(b) is not a provision that would be cited under Rule 2.01—it does not provide a basis for filing an appeal directly in the Kansas Supreme Court. Consequently, the State's indication that it was appealing a question reserved was not procedurally required by Rule 2.01. Nor does Rule 2.01 require the State to cite to K.S.A. 60-2102, which is the statute that allowed the State to seek the relief it prayed for in its brief. K.S.A. 60-2102(a) states: "Except for any order or final decision of a district magistrate judge, the appellate jurisdiction of the *court of appeals* may be invoked by appeal as a matter of right from: . . . (2) An order . . . that grants or refuses relief in the form of mandamus, quo warranto or habeas corpus." (Emphasis added.)

Further, the citation to the legal basis for taking an appeal directly to the Kansas Supreme Court is not a jurisdictional requirement and a mistake in the citation is not fatal to an appeal. This is made clear by K.S.A. 20-3018(a), which provides in part:

"No case docketed either in the supreme court or the court of appeals shall be dismissed solely for the reason of having been filed in the wrong court, but shall be transferred by the supreme court to the court which the supreme court determines to have jurisdiction. Any such case shall be considered timely and properly filed in the court to which it is transferred."

"Neither is the failure to cite the proper appellate statute a jurisdictional prerequisite. [Citations omitted.]" *State v. Martin*, 232 Kan. 778, 780, 658 P.2d 1024 (1983).

In other words, the second sentence of the form in Rule 2.01, while helpful in determining if an appeal should be transferred from the Supreme Court to the Court of Appeals, serves no jurisdictional basis. Nor does Rule 2.01 require the appellant to include within the notice of appeal a statement of the jurisdictional basis for granting the relief sought. In other words, Rule 2.01 does not require the citation that the majority or the *Verge* line of cases requires, nor does it imply that any jurisdictional statement, if made, should be deemed binding or critical to jurisdiction.

*Right to Appeal and Relief*

The majority opinion and the *Verge* line of cases are also contrary to a point this court has emphasized: "The right to appeal should

not be unduly restricted." *Martin*, 232 Kan. at 780. Further, we have generally held that a notice of appeal should be liberally construed and a defect in the notice should not be a basis for relief unless the defect results in prejudice to a party. See, *e.g.*, *Associated Wholesale Grocers, Inc. v. Americold Corporation*, 293 Kan. 633, 270 P.3d 1074 (2011) (applying liberal construction to notice of appeal that did not include complete caption or all district court rulings). In *Harpool*, 246 Kan. 226, *Martin*, 232 Kan. 778, *Grimes*, 229 Kan. 143, *Whorton*, 225 Kan. 251, and other cases such as *State v. Wilkins*, 269 Kan. 256, 7 P.3d 252 (2000), and *State v. Ransom*, 268 Kan. 653, 999 P.2d 272 (2000), we generally adopted the policy that our rules regarding a notice of appeal " 'should not be overly technical or detailed. The notice of appeal is not a device to alert the parties to all possible arguments on appeal. That is the purpose and function of the docketing statements and briefs filed by the parties.' " *Wilkins*, 269 Kan. at 269 (quoting *State v. Boyd*, 268 Kan. 600, 999 P.2d 265 [2000]); see *Bryson v. Wichita State University*, 19 Kan. App. 2d 1104, 1106, 880 P.2d 800, *rev. denied* 256 Kan. 994 (1994) (pointing to nonbinding nature of docketing statement's list of issues on appeal); but see *Boyd*, 268 Kan. at 605-08 (applying prejudice rule to ambiguity regarding judgment from which appeal was taken but distinguishing *Kerby* and *G.W.A.*).

Here, it cannot be denied that the State cited one ground for the appeal in its notice of appeal—a question reserved—and yet ultimately sought relief from the district court's judgment rather than a prospective ruling in its brief. And, as the State admitted at oral argument, it never explicitly amended its notice of appeal. Yet, the citation in the notice of appeal was not required; it was superfluous. Under that circumstance, I would apply our liberal construction of a notice of appeal and strike the unnecessary statement. Of course, that would not be appropriate if doing so resulted in prejudice to Roland Berreth or if the Court of Appeals had been left to comb the record to determine the basis of jurisdiction. See *Kerby*, 259 Kan. at 105-06. Neither of those circumstances is present, however.

Rather, Berreth and the Court of Appeals were clearly alerted to the nature of the relief sought by the State. In its brief to the

Court of Appeals in *Berreth I*, the State made no attempt to present a question reserved. As Berreth points out, the State did not argue a ground for the court's consideration of a question reserved as it presumably would have done if that was the basis for the argument presented to the Court of Appeals. See *State v. Skolaut*, 286 Kan. 219, 225, 182 P.3d 1231 (2008) ("[A]ppellate courts will accept appeal of questions reserved when the issues are 'matters of statewide interest important to the correct and uniform administration of the criminal law and the interpretation of statutes.' "). Rather, the State attacked Berreth's sentence, arguing the district judge erred in finding Berreth's sentence for aggravated kidnapping was multiplicitous with his crimes of criminal sodomy. In its second issue, the State cited K.S.A. 60-1507(f) to argue that Berreth's request for collateral relief was untimely. Consistent with the arguments it made throughout the brief, the State concluded by requesting that "[t]he defendant's convictions should be reinstated. The district [j]udge's decision of March 9, 2005 . . . should be reversed and the original sentence should be reimposed."

In responding to these arguments in his *Berreth I* appellate brief before the Court of Appeals, Berreth clearly understood that the State was requesting relief from the judgment. Berreth did not object to a consideration of whether his conviction for aggravated kidnapping should have been vacated; he did not assert that the State was limited to a question reserved. Instead he argued his lesser sentence for kidnapping "must be affirmed. The district court did not err." Further, as discussed by the majority, Berreth had asked the district court to consider the action as a K.S.A. 60-1507 proceeding. Then, on appeal, in responding to the State's issue that the attack was untimely under K.S.A. 60-1507(f), Berreth did not argue that the statute did not apply; rather, he argued that it should not be applied retroactively. Because both parties argued the appeal on the basis of K.S.A. 60-1507, I disagree with the majority's characterization that the Court of Appeals *sua sponte* determined the jurisdictional basis for the appeal. Berreth made it clear he sought relief under K.S.A. 60-1507, and the State's brief clearly sought relief from an erroneous ruling it considered to have

been decided under K.S.A. 60-1507. The State made the election the majority requires.

The *Berreth I* court had jurisdiction to grant the remedy requested in the State's *Berreth I* brief by reversing Berreth's sentence after concluding the district judge erred in determining Berreth's sentences were multiplicitous. See *State v. Berreth*, No. 94,310, 2007 WL 806002 (Kan. App. 2007) (unpublished opinion) (*Berreth I*).

Yet, the majority in this appeal appears to hold that the State's focus in its *Berreth II* briefs on a question reserved erases the State's *Berreth I* argument. This conclusion means that a party's postjudgment actions can eviscerate the jurisdictional basis for a judgment. Such a principle would be contrary to all principles related to the finality of a judgment. The *Berreth II* Court of Appeals was justified in looking at the record in *Berreth I* and examining the basis for its own decision. The *Berreth II* Court of Appeals correctly determined the *Berreth I* judgment was valid and should not be set aside. I would affirm that holding.

ROSEN, J., joins in the foregoing dissent.