NOT DESIGNATED FOR PUBLICATION

No. 122,535

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANTHONY J. OTANO,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed September 4, 2020. Appeal dismissed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before GREEN, P.J., ATCHESON and BRUNS, JJ.

PER CURIAM: After Defendant Anthony J. Otano pleaded guilty to one count of felony breach of privacy, the Sedgwick County District Court declined to follow a joint sentencing recommendation for probation and sent Otano to prison relying on a rule permitting incarceration of a defendant who has committed the crime of conviction while on bond for a felony charge in another case. Otano has appealed and argues the district court abused its discretion in disregarding the plea agreement. Because Otano received what the law treats as a guidelines sentence, he cannot appeal the punishment. We, therefore, dismiss the appeal.

1

Given our resolution of the appeal, we need not set out the facts underlying the charge against Otano. Suffice it to say, the sordid circumstances fit within the statutory definition of breach of privacy, a severity level 8 person felony, as criminalized in K.S.A. 2019 Supp. 21-6101(a)(8). Through his lawyer, Otano worked out a disposition with the State calling for him to plead guilty with a joint recommendation to the district court for a midrange guidelines sentence that would presumptively call for probation based on Otano's anticipated criminal history classification. When Otano committed this crime in December 2017, he had been released on bond in another case in which he was charged with multiple drug offenses, including at least one felony.

Before entering his plea, Otano signed an acknowledgment of rights form that incorporated an outline of the plea agreement. The document stated both that the plea agreement was a recommendation to the district court and that the district court would make an independent determination of the appropriate sentence. At the plea hearing in October 2019, the district court also informed Otano the joint recommendation on sentencing was just that—a recommendation that it was not obligated to follow. The district court accepted Otano's plea and adjudged him guilty of breach of privacy under K.S.A. 2019 Supp. 21-6101(a)(8).

During the sentencing hearing in January 2020, the district court outlined Otano's dismal probation record in the earlier drug case—characterizing it as "a train wreck" and describing Otano as actively resistant to the process. The district court also noted the special rule permitting the incarceration of a defendant who commits the crime of conviction while on bond for a felony charge in another case even if the presumptive guidelines sentence would call for probation. See K.S.A. 2019 Supp. 21-6604(f)(4). The district court sentenced Otano to 13 months in prison with postrelease supervision for 12 months, reflecting a low presumptive sentence based on Otano's criminal history. But the district court declined to follow the plea recommendation for probation—the presumptive disposition—and relied on the special rule to order that Otano serve the sentence.

Otano has appealed. After docketing the appeal, he filed a motion for summary disposition. Kansas Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). We granted the motion.

As we have indicated, under K.S.A. 2019 Supp. 21-6604(f)(4), a district court may bypass probation in favor of incarceration if a defendant has committed the crime of conviction while on bond for a felony charge in another case. That rule applied to Otano, as he acknowledges in his request for summary disposition. The statute also provides that the district court's reliance on the rule to incarcerate a defendant does not constitute a departure sentence. K.S.A. 2019 Supp. 21-6604(f)(4). A defendant may appeal a departure sentence. See K.S.A. 2019 Supp. 21-6820(a). Conversely, a defendant may not appeal a presumptive guidelines sentence. See K.S.A. 2019 Supp. 21-6820(c)(1). By definition, Otano received a presumptive sentence in this case, since the period of incarceration matched the statutorily prescribed low term for the crime based on the severity level of the offense and his criminal history. K.S.A. 2019 Supp. 21-6803(q) (definition of "presumptive sentence").

Our jurisdiction is limited to what we are permitted by statute to review. *State v. Berreth*, 294 Kan. 98, 110, 273 P.3d 752 (2012); *State v. McCroy*, 57 Kan. App. 2d 643, Syl. ¶ 1, 458 P.3d 988 (2020). Because Otano received a guidelines sentence, rather than a departure sentence, we lack jurisdiction to consider his appeal.

Appeal dismissed.