NOT DESIGNATED FOR PUBLICATION

No. 123,941

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DEVIN EUGENE PARKER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC WILLIAMS, judge. Opinion filed February 18, 2022. Appeal dismissed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before GREEN, P.J., ATCHESON and HURST, JJ.

PER CURIAM: Devin Eugene Parker appeals the district court's decision to resentence him to prison rather than presumptive probation. This court granted Parker's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. at 48). The State responded and does not contest summary disposition of this case. This court finds that the district court sentenced Parker within the statutorily permissible guidelines, and he cannot appeal his punishment. This court dismisses his appeal for lack of jurisdiction.

1

The State charged Parker with two counts of aggravated domestic battery and one count of domestic battery related to an event on July 21, 2019, and the facts of those charges are not relevant here. In exchange for Parker's guilty plea to one count of aggravated domestic battery, the State agreed to dismiss Parker's other aggravated domestic battery charge and his domestic battery charge. At the time of the events leading to his present conviction, Parker was on bond for cases 19 CR 723 and 19 CR 923, so the State also agreed to recommend "the low number in the applicable sentencing guidelines grid box and impose a prison disposition."

At sentencing, the State asked the district court to follow the plea agreement in which it requested a presumptive prison sentence because Parker was on bond when he committed the present crime. Parker asked the district court to sentence him to presumptive probation as reflected in the presentence investigation (PSI) report. In the alternative, Parker asked that any prison sentence run concurrent with his sentences in 19 CR 723 and 19 CR 923. The district court declined both of Parker's requests and sentenced him to 25 months in prison to run consecutive to his other sentences.

Parker appealed his sentence, alleging the district court erred by applying the wrong legal standard and that the court's use of judicial findings to enhance his sentence violated his Kansas constitutional rights. A panel of this court vacated his sentence and remanded for resentencing because it found the district court misstated the law by stating that "'[t]he presumption is—disposition now is prison in this matter.'" *State v. Parker*, No. 122,300, 2021 WL 219885, at *2-3 (Kan. App. 2021) (unpublished opinion). The panel remanded to ensure the district court did not misinterpret its sentencing authority.

At resentencing in April 2021, the district court acknowledged that it misstated the sentencing authority and clarified that "[t]he fact is that the special rule in this case or the

2

presumption is probation, the special rule just allows the Court to impose a prison sentence for a probation sentence, but it is discretionary." The State asked the district court to impose the same sentence it initially granted; Parker sought probation and alternatively requested this sentence run concurrent with the sentences he was already serving. The district court found no facts or circumstances that would cause it to disturb its previous ruling and again sentenced Parker to 25 months in prison, to run consecutive to the sentences he was already serving.

Parker timely appeals.

ANALYSIS

Parker argues that the district court should have sentenced him to probation because the victim in this case did not request a prison sentence and he was raising a young child with the victim. Parker's arguments fail for two reasons.

First, the district court's sentencing decision complied with the special sentencing rule in K.S.A. 2020 Supp. 21-6604(f)(4). The district court may bypass probation in favor of incarceration if the defendant committed the crime of conviction while on bond for a felony charge in another case. See K.S.A. 2020 Supp. 21-6604(f)(4). This special rule applied to Parker—as he admits in his motion for summary disposition—and the district court was within its discretion when it sentenced him to prison.

Second, because the district court imposed a sentence within the statutory sentencing guidelines, this court lacks jurisdiction to consider Parker's appeal. Moreover, the district court's imposition of special sentencing rules does not constitute a departure from the statutorily permissible sentencing guidelines. See K.S.A. 2020 Supp. 21-6604(f)(4). A defendant may appeal a sentence that departs from the sentencing guidelines, but they cannot appeal a presumptive guidelines sentence. See K.S.A. 2020

3

Supp. 21-6820(a), (c)(1). The district court imposed a 25-month prison sentence—the low term for Parker's offense when imposing the special rule, and within the presumptive sentencing range. Thus, Parker received a presumptive guidelines sentence. See K.S.A. 2020 Supp. 21-6803(q) (defining "presumptive sentence").

This court's jurisdiction is set and limited by statute and lacks jurisdiction to review a sentence within the presumptive guidelines. See *State v. Berreth*, 294 Kan. 98, 110, 273 P.3d 752 (2012) ("It is uncontroverted that the right to appeal is entirely statutory and that the limits of appellate jurisdiction are imposed by the legislature.").

Appeal dismissed.